# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Township of Worcester | : | |
| | : | |
| v. | : | No. 711 C.D. 2015 |
| | : | Argued: December 7, 2015 |
| Office of Open Records, | : | |
| and James Mollick | : | |
| | : | |
| Appeal of: Office of Open Records | : | |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ROBERT SIMPSON, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

**OPINION**
**BY JUDGE SIMPSON**                         **FILED: January 8, 2016**

This appeal involves procedural issues under the Right-to-Know Law (RTKL).[1]  In particular, the Office of Open Records (OOR) asks whether the Court of Common Pleas of Montgomery County (trial court) erred in reversing OOR's order that directed the Township of Worcester (Township) to produce, for *in camera* inspection, copies of records the Township withheld in response to Dr. James Mollick's (Requester) RTKL request as well as an *in camera* inspection index, where the Township claimed the records were exempt from disclosure under the attorney-client and work-product privileges and the predecisional deliberative exception.  Further, as a threshold procedural matter, we are asked whether the trial court properly determined that OOR's interlocutory order was an appealable collateral order over which the trial court had jurisdiction.  Upon review, we affirm the trial court's determination that OOR's interlocutory order was an appealable collateral order.  However, we reverse the trial court's determination that OOR's

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

appeals officer lacked authority to request *in camera* inspection of the records at issue or an *in camera* inspection index or "privilege log" based on the facts presented here.

## I. Background

The parties agree on the following facts. In June 2014, Requester submitted a request (Request) in accordance with the RTKL for eight sets of records held by the Township. Reproduced Record (R.R.) at 12a-13a. Shortly thereafter, the Township obtained a 30-day extension to respond to the Request. R.R. 14a-15a. Ultimately, the Township granted all but Requester's seventh request, which sought emails "with Township Staff regarding meetings with homeowners association and Brennan Marion regarding transfer of public improvements of the Stoney Creek Farms development referenced on 2/25/14." R.R. at 13a, 16a-19a. In denying this request, the Township explained the records sought contained internal, predecisional deliberations and were also protected under the attorney-client and work-product privileges, or the "ethics-based rule of confidentiality." R.R. at 17a.

Requester filed an appeal to OOR, challenging the Township's denial of access to the requested records. R.R. at 3a-23a. OOR docketed the appeal as Mollick v. Township of Worcester, OOR Dkt. AP 2014-1179. R.R. at 24a. The Township submitted a response and memorandum in support of its response to Requester's RTKL request, which was supported by a verification signed by the Township's open records officer. During the course of the appeal, Requester

2

repeatedly asked OOR to conduct an *in camera* review of records. R.R. at 11a, R.R. at 209a.[2]

In September 2014, as part of its fact-finding function, OOR issued an order directing the Township to produce copies of all records withheld by the Township for the purpose of conducting an *in camera* inspection and, subsequently, issuing a final order as to whether the records are subject to public access. R.R. at 28a-29a; see Office of Open Records v. Center Twp., 95 A.3d 354, 363-64 (Pa. Cmwlth. 2014) (en banc); see also McGowan v. Pa. Dep't of Envtl. Prot., 103 A.3d 374 (Pa. Cmwlth. 2014) (ordering OOR to conduct an *in camera* review of records). OOR also ordered the Township to provide OOR with three copies of an *in camera* inspection index referencing each record at issue by number and identifying each item within each record that was claimed to be exempt. R.R. at 28a. In order to accommodate this additional fact-finding, OOR confirmed Requester's agreement to an extension of time for OOR to issue a final order. See Section 1101(b)(1) of the RTKL, 65 P.S. §67.1101(b)(1).

The Township submitted an "Application for an Amendment of an Interlocutory Order and Position Statement in Opposition of *In Camera* Review of Records" to OOR to set forth the statement specified in 42 Pa. C.S. §702(b) so as

---

[2] OOR is an independent, quasi-judicial tribunal charged with, among other duties, adjudicating appeals of decisions concerning access to records in the possession of Commonwealth and local agencies under the RTKL. See Sections 1101 and 1310(a) of the RTKL, 65 P.S. §§67.1101, 67.1310(a); see also Office of Open Records v. Center Twp., 95 A.3d 354, 363-64 (Pa. Cmwlth. 2014) (en banc). OOR is a "Commonwealth agency" as defined by the RTKL. See Section 102 of the RTKL, 65 P.S. §67.102.

to permit an interlocutory appeal by permission. R.R. at 30a-45a. OOR denied the application through an email by OOR's appeals officer. R.R. at 46a.

Shortly thereafter, the Township filed a document styled a "Petition for Review of the September 26, 2014 Order of the Office of Open Records in the Matter of Mollick v. Worcester Township, OOR Dkt. No. AP 2014-1179" with the trial court. R.R. at 47a-100a. OOR filed a motion to quash the Township's petition. R.R. at 101a-09a.

OOR also filed a "Petition to Enforce Order Directing Production of Documents for *In Camera* Review" with this Court. R.R. at 110a-298a. By agreement of the parties, a single judge of this Court transferred that petition to the trial court. R.R. at 299a. Thereafter, OOR filed an amended motion to quash the Township's petition for review in the trial court. R.R. at 300a-06a.

After oral argument, the trial court issued three orders. The first order denied OOR's motion to quash. R.R. at 343a. The second order reversed OOR's order for production of documents for *in camera* review and an *in camera* inspection index. R.R. at 344a. The third order granted the Township's motion to quash an answer to the Township's petition for review filed by Requester. R.R. at 345a.

OOR subsequently filed two notices of appeal to this Court related to the trial court's first two orders, which were docketed at 711 CD 2015 and 712 CD 2015. R.R. at 346a-357a. A single judge of this Court entered an order quashing

4

the appeal at 712 CD 2015, stating that only a single notice of appeal was required. R.R. at 358a-59a.

Thereafter, the trial court issued an opinion in support of its orders in which it first determined OOR's order was an appealable collateral order for purposes of its jurisdiction. The trial court further determined OOR's order directing the Township to produce, for *in camera* inspection, copies of records the Township withheld in response to Requester's RTKL request, as well as an *in camera* inspection index, was unwarranted under the facts presented here. In so doing, the trial court distinguished this Court's decision in <u>Center Township</u>, which held that OOR has the implied power to conduct *in camera* inspections, explaining:

> Though, [OOR] retains the power to conduct *in camera* inspection, the instant case did not warrant the exercise of such power. Contrary to the response in the *Center Twp.* case, which provided nothing more than a bald allegation stating that privileges prevented disclosure of the documents requested, here the Township submitted a verified memorandum supporting its denial of access to the records requested. The memorandum was verified by F. Lee Mangan, the Open Records Officer for [the] Township. The memorandum set forth the legal and factual bases for denying access to the records in question. This memorandum served the same purposes as testimonial affidavits frequently used to support denials of requests. Therefore, the Township presented a document in support of its decision to deny access.
>
> The verified memorandum maintained that the Township denied access to records requested by [Requester] in one of his eight RTKL requests received by [the] Township on June 2, 2014. In his seventh request, [Requester] asked for access to e-mails with Township Staff regarding meetings with homeowners association and Brennan Marion regarding the transfer of public improvements of the Stoney Creek Farms development referenced on February 25, 2014. [The Township]

5

denied access to these records on the primary basis that they were exempt under the predecisional deliberations exemption of the RTKL. The Township further denied access to some of the records under the attorney-client privilege and the work-product doctrine, *inter alia*.

[The Township] explained its denial of access to the records requested in its Verified Memorandum as follows:

> Part No. 7 of the Request seeks 'emails with Township Staff' which are 'referenced in [the Township Solicitor's] March 10, 2014 invoice.' The only emails referenced as emails 'with Township staff' in the Township Solicitor's March 10, 2014 invoice are emails between Township personnel and the Township's Solicitor. Thus the Township's Response indicates, the Request is seeking emails between a Township consultant (i.e. the Township Solicitor) and Township Staff which are clearly, internal to the Township.
>
> As the Township's Response also indicates, the potentially responsive emails relate to one or more proposed courses of action regarding the completion of improvements, escrow releases and meetings (which had not yet occurred) prior to any determination being made on how to proceed. Therefore, the Township has established all 3 elements necessary to exempt the potentially responsive records from disclosure under the internal, predecisional deliberation exemption.

Thus, the Township presented evidence which, if believed, may be sufficient for [OOR] to sustain the Township's denial of [Requester's] request. [OOR] could likewise decide that the Township did not carry its burden and enter an adverse ruling against the Township. [OOR] is required to decide the case, not to make an unwarranted demand for an *in camera* inspection and the creation of an inspection index. Simply stated, the [OOR] Order compelling an *in camera* inspection and the production of an *in camera* inspection index was not warranted by the facts of this case.

Tr. Ct., Slip Op., 7/8/15, at 8-10.

OOR has not issued a final order in the matter of <u>Mollick v. Township of Worcester</u>, and the appeal remains pending before OOR. This matter is now before us for disposition.

## II. Issues

On appeal,[3] OOR argues the trial court committed an error of law by finding that OOR's order requiring *in camera* review of records is a collateral order. Alternatively, it contends the trial court committed an error of law or abused its discretion by holding that the Township was not required to provide records for OOR to conduct an *in camera* review.

## III. Discussion
### A. Collateral Order
#### 1. Contentions

OOR first argues that, in erroneously concluding OOR will require agencies to provide records for OOR's *in camera* review in every appeal, the trial court erred in finding OOR's order requiring *in camera* review constituted an appealable collateral order. As the order is not a collateral order, OOR contends, the trial court erred as a matter of law in finding jurisdiction over the Township's petition for review.

OOR points out that Pa. R.A.P. 313(b) provides for the immediate right to appeal an order that "is … [(1)] separable from and collateral to the main

---

[3] Our review in a RTKL case where the trial court sits as a reviewing court is whether the trial court committed an error of law and whether its findings of fact are supported by substantial evidence. <u>Paint Twp. v. Clark</u>, 109 A.3d 796 (Pa. Cmwlth. 2015).

7

cause of action [(2)] where the right involved is too important to be denied review and [(3)] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Id. (clause numbers added). All elements of this conjunctive, three-prong test must be met in order for an order to be considered a collateral order. See Rae v. Pa. Funeral Dirs. Ass'n, 977 A.2d 1121 (Pa. 2009).

Applying the three-prong test here, OOR argues that, as to the first prong, the order at issue must not "implicate the merits of the underlying dispute." Commonwealth v. Wright, 78 A.3d 1070, 1077 (Pa. 2013). "[A] claim is sufficiently separate from the underlying issues for purposes of collateral order review if it 'is conceptually distinct from the merits of plaintiff's claim,' that is, where, even if 'practically intertwined with the merits, [it] nonetheless raises a question that is significantly different from the questions underlying plaintiff's claim on the merits.'" Pridgen v. Parker Hannifin Corp., 905 A.2d 422, 433 (Pa. 2006).

Here, OOR asserts, in the underlying appeal before it, OOR must answer the question of whether the records sought by Requester are public records. The order requiring *in camera* inspection and an inspection index is inherently entwined with the underlying dispute, as the order requires delivery of the records to OOR for *in camera* review and analysis as to whether those records are subject to public access. Because the most probative and relevant evidence for determining whether a record is a public record is the actual record at issue, the order cannot be considered severable from the underlying dispute.

8

Next, as to the importance of the right at issue, OOR maintains, in evaluating whether a right involved in a dispute is too important to be denied review, our Supreme Court states, "it is not sufficient that the issue be important to the particular parties[;] [r]ather[,] it must involve rights deeply rooted in public policy going beyond the particular litigation at hand." Geniviva v. Frisk, 725 A.2d 1209, 1214 (Pa. 1999).

Here, OOR contends, the Township's petition for review is primarily concerned with the Requester in the underlying appeal before the OOR, and that the Township is being "singled-out" for *in camera* review. See, e.g., R.R. at 64a at ¶65 ("Singling-out and subjecting [the] Township to *in camera* review of its records simply at the request of [Requester] [is] apparently based upon nothing more than [Requester's] unfounded allegations of wrongdoing … "); R.R. at 56a-58a, ¶¶25-38 (chronicling the history of the Township's interactions with Requester and complaints of excessive legal billing). Certainly, these allegations are uniquely particular to the Township and cannot be considered of significant, "deeply rooted" public policy concerns.

Based on unfounded fears, OOR argues, the Township grasps at the wisps of public policy importance by generally claiming OOR will decide to universally conduct *in camera* reviews of records in all future cases. OOR asserts it has neither the desire nor the resources to do so. The overwhelming majority of cases before OOR do not require *in camera* review, and it is clear that the General Assembly, in devising the deadline for issuing final orders, did not anticipate such review in the majority of cases. See 65 P.S. §67.1101(b)(1). OOR's intentions are

9

evidenced by past practice where *in camera* review was employed as "a workable compromise" between the conflicting interests of access to records and the government's interests that should only be used when warranted. See Dep't of the Air Force v. Rose, 425 U.S. 352, 381 (1976). Far from "singling-out" the Township, OOR argues, it conducted *in camera* review approximately 100 times out of more than 12,000 cases.

OOR maintains the Township does not challenge OOR's ability to conduct *in camera* review of records; rather, it only argues the particular circumstances of this case do not warrant OOR's *in camera* review. R.R. 54a at ¶18; R.R. at 205a. OOR contends that, following guidance from this Court, OOR seeks only to fulfill its statutory mandate by developing the evidentiary record in the appeal pending before it in light of legal and factual questions concerning the records at issue based on the Township's undeveloped response to OOR during the appeal. See Office of Governor v. Bari, 20 A.3d 634, 648 (Pa. Cmwlth. 2011) ("OOR's reluctance … to perform *in camera* review of the subject records in this type of proceeding is confounding" in light of an agency's "undeveloped preliminary responses to OOR's general request for additional information …."); see also Harrisburg Area Cmty. Coll. v. Office of Open Records, (Pa. Cmwlth., No. 2110 C.D. 2009, filed May 17, 2011), slip op. at 17-18, 2011 WL 10858088 at *8 (unreported) ("[OOR] has a responsibility to develop a fuller record using the means granted to it in the RTKL, such as conducting a hearing or examining the subject records *in camera* …."). Because the Township's concerns are tailored to its own unique factual circumstances, OOR argues, the order at issue should not be

10

considered an appealable collateral order because this matter is not important enough as to "involve rights deeply rooted in public policy."

Finally, as to the third prong, OOR contends, the Township must also show its claims will be irreparably lost if the order is not considered a collateral order. OOR argues there can be no question that the Township's allegation that the records at issue are not subject to public access will be preserved for purposes of OOR's eventual final order in this case and potential further review by the trial court if a party appeals OOR's final order. To the extent the Township challenges OOR's authority to conduct an *in camera* review of records here, the Township's claims may still be raised and resolved in the context of opposing a petition to enforce brought by OOR. Thus, the Township has not presented any claims that will be irreparably lost if the order is not treated as a collateral order.

In sum, OOR contends, as the Township has not met any of the three prongs under Pa. R.A.P. 313(b) for determining whether the order is a collateral order, the trial court lacked jurisdiction over this matter and its order should be reversed.

The Township responds that OOR's order is an appealable collateral order. It argues the trial court succinctly laid out the framework for determining whether or not the order is a collateral order under Pennsylvania law. The Township contends that, in its brief, OOR goes to great lengths to challenge the trial court's finding that OOR's order, which demands that the Township produce records for *in camera* review and create an *in camera* inspection index is a

11

collateral order. In short, the Township maintains, OOR argues: (1) the order is not severable from the underlying dispute because it requires delivery of the records at issue to OOR for *in camera* review to determine whether these records are subject to public access"; (2) the order does not involve an important right because "OOR has neither the desire nor the resources" to "universally conduct *in camera* reviews of records in all future cases[,]" Br. of Appellant at 15; and, (3) the Township's claims will not be lost because, "to the extent that the Township challenges … OOR's authority to conduct an *in camera* review in this matter, the Township's claims may still be raised and resolved in the context of opposing a Petition to Enforce brought by the OOR." Br. of Appellee at 10. The Township argues OOR's reasoning is disjointed and untenable.

As to severability of the order from the underlying matter, the Township points out that OOR argues, "the most probative and relevant evidence for determining whether a record is a public record is the actual record at issue" and, therefore, the order "cannot be considered severable from the underlying dispute." Br. of Appellant at 13-14. The Township contends the necessary implication of OOR's argument is that, in all appeals, review of the records requested is required to determine whether those records are subject to public access. On the other hand, when addressing (and downplaying) the importance of the Township's rights, OOR claims, contrary to its own earlier reasoning regarding the importance of the records at issue as evidence, "the overwhelming majority of cases before the OOR do not require *in camera* review [of records], and it is clear that the General Assembly, in devising the deadline for issuing final orders, did not anticipate such review in the majority of cases." Br. of Appellant at 15. The

12

Township argues it appears that OOR is arguing against its own reasoning. The inconsistency of those positions is obvious.

The Township further maintains the order at issue here is a collateral order. As set forth in trial court's opinion, our Supreme Court holds that interrelationship between merits issues and the question sought to be raised in the interlocutory appeal involving a collateral order is tolerable. See Pridgen. Further, the trial court's reasoning regarding severability of the order from the underlying matter is simple and logical. Clearly, the Township contends, the issue of whether records are subject to *in camera* review is severable and significantly different from the underlying matter of whether records are subject to disclosure.

The Township asserts OOR completely misses the mark as to the importance of the rights at issue here. The Township reiterates the trial court's reasoning regarding this prong.

The Township points out that OOR suggests it has neither the desire nor the resources to "universally conduct *in camera* reviews of all records in future cases." Br. of Appellant at 15. However, if, *in camera* review is appropriate and warranted in this case–where the record is sufficiently developed–then *in camera* review is warranted, appropriate and required in all appeals before OOR whenever requested by a party to the appeal. Not only will OOR (and requesters) have the ability to burden agencies by requesting submission of documents and the creation of indices where the record is ripe for disposition, agencies will have the ability, and right, to burden OOR by not responding to any requests for records and, in

every appeal, demand OOR conduct *in camera* review of records in lieu of responding to the appeal. Thus, the procedural framework of responding to requests for records set forth in the RTKL will be rendered meaningless–agencies will be incentivized to ignore requests for records and simply demand *in camera* review on appeal–and, of course, regardless of how well the record is developed, OOR will be forced to comply with all demands for *in camera* review to avoid abusing its discretion and arbitrarily deciding when *in camera* review is appropriate. Clearly, the Township asserts, the public policy implications at issue in this matter are of great importance.

The Township further asserts OOR's reasoning that the Township's claims will not be irreparably lost because the Township can challenge OOR's authority to conduct an *in camera* review of records in this matter in the context of opposing a petition to enforce filed by OOR is a patently absurd *non sequitur*. The analysis is whether the question presented is such that, if review is postponed *until final judgment in the case*, the claim will be irreparably lost. Pa. R.A.P. 313(b). Thus, whether or not the Township's claims will be irreparably lost does not hinge on the ability of another party–in this case OOR–to file another pleading and litigate it to its conclusion. Rather, the question is whether the Township's claims will be irreparably lost by OOR issuing a final determination in this matter–to which the answer is emphatically yes.

Moreover, the Township argues, its "claims" are not limited to whether OOR has authority to conduct an *in camera* review in this particular case. The Township's claims are grounded in public policy concerns: when is the

14

significant expense of complying with an *in camera* review and preparation of a privilege log appropriate and warranted in any appeal before OOR?

## 2. Analysis

Pursuant to Rule 313(a) of the Pennsylvania Rules of Appellate Procedure, "[a]n appeal may be taken as of right from a collateral order of an administrative agency or lower court."  Rule 313(b) defines a "collateral order" as one that is "[(1)] separable from and collateral to the main cause of action [(2)] where the right involved is too important to be denied review and [(3)] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost."  Pa. R.A.P. 313(b) (clause numbers added).

The collateral order doctrine must be narrowly construed, and all three prongs must be met before collateral appellate review is allowed.  Rae.  "Narrow application prevents the collateral order rule from subsuming the fundamental general precept that only final orders are appealable and from causing litigation to be interrupted and delayed by piecemeal review of trial court decisions."  Brophy v. Phila. Gas Works & Phila. Facilities Mgmt. Corp., 921 A.2d 80, 87 (Pa. Cmwlth. 2007).  If "an order satisfies Rule 313's three-pronged test," we "may exercise appellate jurisdiction where the order is not final."  Rae, 977 A.2d at 1125.

In determining whether an order is separable from and collateral to the main cause of action, we must first decide whether review of the order implicates the merits of the main cause of action.  Wright.  In other words, we examine

15

"whether the issues appealed can be addressed without analysis of the underlying claims on the merits." <u>Brophy</u>, 921 A.2d at 87. Where review of the order at issue does not implicate or affect the merits of the underlying dispute, it is separable from and collateral to the main cause of action. <u>Wright</u>. With regard to separability, our Supreme Court "has adopted a practical analysis recognizing that some potential interrelationship between merits issues and the question sought to be raised in the interlocutory appeal is tolerable." <u>Pridgen</u>, 905 A.2d at 433 (citations omitted). "This standard is more permissive than the previous standard adopted by Pennsylvania courts, which required that, in order to meet the separability test, the order could 'not relate in any way' to the merits of the underlying action." 20 Darlington et al., PENNSYLVANIA APPELLATE PRACTICE §313:2 (2014-15 ed.).

As to the second prong, "[a]n issue is important if the interests that would potentially go unprotected without immediate appellate review of that issue are significant relative to the efficiency interests sought to be advanced by the final judgment rule." <u>Geniviva</u>, 725 A.2d at 1213 (citation omitted). "[I]t is not sufficient that the issue be important to the particular parties. Rather[,] it must involve rights deeply rooted in public policy going beyond the particular litigation at hand." <u>Id.</u> at 1214.

Finally, as to the third prong, we ask "whether a right is 'adequately vindicable' or 'effectively reviewable.'" <u>Id.</u> at 1213 (quoting <u>Digital Equip. Corp. v. Desktop Direct, Inc.</u>, 511 U.S. 863, 878-79 (1994)). This question "cannot be answered without a judgment about the value interests that would be lost through

16

rigorous application of a final judgment requirement." Id. For instance, the substantial cost a party would incur in defending a claim may equate to an irreparable loss of a right to avoid the burden entirely. See Pridgen.

Here, the trial court determined OOR's interlocutory order requiring the Township to produce for *in camera* inspection the records sought by Requester and an *in camera* inspection index constituted an appealable collateral order under Pa. R.A.P. 313(b). No error is apparent in the trial court's determination.

Specifically, as to the first prong, whether the order is separable from and collateral to the main cause of action, the trial court explained that a claim is sufficiently separate from the underlying issues for purposes of collateral order review if it is conceptually distinct from the merits of the plaintiff's claim. Pridgen. That is, where, even if practically intertwined with the merits, it nonetheless raises a question that is significantly different from the questions underlying a plaintiff's claim on the merits. Id. In analyzing the separable nature of a claim, our Supreme Court recognizes that some potential interrelationship between merits issues and the question sought to be raised in the interlocutory appeal is tolerable. Id.

Here, the underlying question in Requester's case is whether the records responsive to Requester's seventh request are subject to disclosure under the RTKL, or whether a privilege or exemption bars disclosure. The order directly at issue in this appeal presents a question of whether OOR erred in requiring the Township to provide an *in camera* inspection index and to submit all records

17

responsive to Requester's seventh request to OOR's appeals officer for *in camera* review. As the trial court explained, the fact that the issues involved in the underlying litigation and the instant appeal are conceptually distinct is illustrated by the fact that an order reversing OOR's order does not directly implicate the merits of the underlying case. Thus, the practical effect of the trial court's order reversing OOR's order was to conclude OOR had a sufficient factual record before it to decide the underlying dispute. As a result, although this issue is, to some extent, intertwined with the merits of the underlying case, the question presented in this appeal is conceptually distinct from that presented by the underlying litigation.

As to the second prong, whether the right involved is too important to be denied review, an issue is considered important if the interests that would potentially go unprotected without immediate appellate review of the issue are significant relative to the efficiency interests sought to be advanced by the final judgment rule. Geniviva. It is not sufficient that the issue be important to the particular parties; rather, the issue must involve rights deeply rooted in public policy going beyond the particular litigation at hand. Id. The issue here concerns OOR's authority to request *in camera* inspection of records and an inspection index or "privilege log." Because a decision further delineating OOR's authority to require *in camera* inspection of records has the potential to extend well beyond the confines of this particular case, the right involved is too important to be denied review, satisfying the second prong.

Finally, as to the third prong, whether the question presented is such that if review is postponed until final judgment, the claim will be irreparably lost,

18

if *in camera* review and creation of an *in camera* inspection index or "privilege log" is required here, the issue of whether OOR can require *in camera* review notwithstanding an affidavit supporting a claimed privilege or exemption is likely to be irreparably lost if the Township prevails on the merits before OOR. In such a circumstance, the Township will not be aggrieved, and it would not have standing to appeal further. Additionally, the Township would be required to bear the expense of creating an inspection index or "privilege log."

For all these reasons, the trial court correctly determined OOR's order in this case is a collateral order under Pa. R.A.P. 313(b) and, as a result, the trial court had jurisdiction over the Township's appeal.

### B. *In Camera* Review
### 1. Contentions

OOR also contends the trial court committed an error of law and abused its discretion in holding the Township is not required to submit records to OOR for *in camera* review. It argues that, even if the trial court had jurisdiction here, its order should be reversed because it abused its discretion and misapplied the law by: (1) ignoring the wide discretion afforded to OOR appeals officers; and, (2) improperly assessing the evidence presented by the Township prior to issuance of a final order by OOR.

Under the RTKL, OOR is charged with developing an evidentiary record before its appeals officers to ensure meaningful appellate review. See Pa. Dep't of Educ. v. Bagwell, 114 A.3d 1113, 1121 (Pa. Cmwlth. 2015). In so doing, "the RTKL grants appeals officers wide discretion with respect to procedure …."

Bowling v. Office of Open Records, 75 A.3d 453, 467 (Pa. 2013). OOR asserts this Court recognizes OOR is charged with the duty to determine whether a privilege is applicable, and it is obligated to rule on all procedural issues related to disposition of the matter.

OOR maintains that in Center Township, this Court reasoned that appeals officers have the authority to conduct *in camera* review "to better enable appeals officers to develop an adequate record for judicial review, and at the same time, to render an informed and reasoned decision—one that is based upon a sufficient factual predicate—especially with regard to matters concerning privileged or sensitive material." Bagwell, 114 A.3d at 1121 (quoting Center Twp.).

OOR argues the facts here are indistinguishable from those in Center Township, where this Court held OOR properly exercised its discretionary power to order *in camera* review of records. In that case, as here, a township alleged records were protected under the attorney-client privilege and made a submission on appeal to OOR. OOR asked the township to produce a privilege log identifying which records were withheld from public access based on attorney-client privilege. On the application of the requester, OOR issued an order requiring the township to provide the allegedly privileged records for OOR's *in camera* review. The township in that case, just like the Township here, refused to provide either a privilege log or the records for OOR's *in camera* review.

OOR argues that, because its appeals officers are vested with wide discretion to determine whether *in camera* review of records is necessary and the

instant matter is indistinguishable from <u>Center Township</u>, the trial court erred in failing to recognize OOR's discretionary power to order *in camera* review.

Similarly, OOR asserts, the trial court erred by allowing the Township to shortcut the appeals process here. To that end, under the RTKL, OOR adjudicates appeals concerning denials of access to records. After OOR issues a final order, parties are statutorily entitled to appeal to reviewing courts. On appeal, courts may, in reviewing a final order, accept new evidence and conduct *de novo* review. Here, because, as discussed above, OOR has yet to issue a final order, the trial court erred in allowing the Township to "leapfrog" OOR's fact-finding and adjudicatory functions as mandated by the RTKL.

The Township acknowledges and agrees that, under this Court's holding in <u>Center Township</u>, OOR has authority to conduct *in camera* review of records *where appropriate and when warranted*. The Township argues that in <u>Center Township</u>, this Court did not, however, expressly provide a test for when *in camera* review is "appropriate and warranted." As set forth in the trial court's well-reasoned opinion:

> [T]he Township presented evidence which, if believed, may be sufficient for [OOR] to sustain the Township's denial of [Requester's] request. [OOR] could likewise decide that the Township did not carry its burden and enter an adverse ruling against the Township. [OOR] is required to decide the case, not to make an unwarranted demand for an *in camera* inspection ….

Tr. Ct., Slip Op., at 9. In short, the Township argues, OOR abused its discretion by ordering the Township to produce records for *in camera* inspection and further

21

abused its discretion by ordering the Township to produce an *in camera* inspection index. Thus, this Court should affirm the trial court's order.

The Township contends there must be reasonable limits on what "when appropriate and warranted" means, or OOR will be inundated with requests for *in camera* reviews and privilege logs in every case where a public record is deemed exempt or redacted.

The Township argues OOR's position appears to be that, under <u>Center Township</u>, OOR appeals officers are vested with the discretion and authority to order *in camera* review of records in any appeal before OOR on request by any party to the appeal. If OOR's position is correct, then every step of the procedure for responding to a request for records under the RTKL–including but not limited to, the step of an agency rendering a substantive response to a request and the step of an agency issuing a verified position statement or affidavit in support of its substantive response to a requester which is on appeal to OOR–is rendered meaningless. And, instead of spending time, effort and taxpayer money on careful responses to RTKL requests and affidavits or verified position statements in support of denials of access to records appealed to OOR, agencies should simply ignore requests for records under the RTKL and demand OOR conduct *in camera* review of records if a "deemed denial" is appealed by a requester. Then, if an agency is unhappy with OOR's decision, the agency can simply appeal to a court with jurisdiction for *de novo* review. The Township maintains neither the General Assembly, nor this Court, intended for OOR to be a records clearinghouse for every agency in the Commonwealth.

The Township reiterates the trial court's reasoning on this issue. Moreover, it asserts, contrary to OOR's allegation that the Township "leapfrogged" OOR's fact-finding and adjudicatory functions, the trial court expressly left the question of whether or not the records at issue in the underlying appeal before OOR are subject to disclosure for OOR to decide.

The Township further argues OOR fails to recognize the fundamental distinguishing fact between Center Township and this case: in Center Township, the agency baldly alleged a privilege applied whereas, here, the Township expressly provided reasoning as to why the records are exempt from disclosure by way of a verified, non-conclusory position statement. Nowhere in any pleading or otherwise did OOR allege bad faith by the Township. Thus, the record before OOR in the underlying appeal must be sufficiently developed for OOR to issue a final determination.

In sum, the Township contends, OOR has not provided sufficient evidence to show the trial court committed an error of law or abused its discretion. OOR does not have unlimited authority to demand production of records or a privilege log for *in camera* review of records. Rather, *in camera* review is only appropriate and warranted when the record is undeveloped. The Township asserts that OOR baldly argues the record before it in the underlying appeal here is "undeveloped," but it completely avoids any analysis of how or why the record before it is "undeveloped." Br. of Appellee at 20. Because, in part, the Township provided a detailed, non-conclusory position statement, the trial court found the

23

record before OOR in the underlying appeal is sufficient for OOR to issue a final determination. For the reasons set forth above, this Court should affirm the trial court. Also, the Township contends, the trial court recognized the financial impact on agencies if OOR is given unfettered discretion to require *in camera* review and production of privilege logs where: (1) those rights have been *implied* (but not expressly stated) under the RTKL; and (2) where the record is sufficiently developed to permit a decision on the merits by OOR.

### 2. Analysis

As more fully explained below, the trial court erred in two ways. First and foremost, the trial court abused its discretion in second-guessing the fact-finder's efforts to create a record appropriate for appellate review. Further, the trial court erred legally by accepting the Township's flawed analysis of the predecisional deliberative exception.

One of an appeals officer's duties under Chapter 11 of the RTKL is to develop an adequate factual record on appeal. Bagwell (citing Levy v. Senate of Pa., 94 A.3d 436, 442 (Pa. Cmwlth.), appeal denied, 106 A.3d 727 (Pa. 2014) ("[i]n the ordinary course of RTKL proceedings [receipt of evidence] will occur at the appeals officer stage and a reviewing court will defer to the findings of the appeals officer.") (citing Bowling)).

An appeals officer functions as the initial fact-finder, and acts in a quasi-judicial capacity pursuant to Section 1102 of the RTKL. Center Twp. (appeals officer may conduct *in camera* review to perform fact-finding functions); Levy (appeals officer receives evidence to resolve factual disputes as reviewing

24

courts rarely act as fact-finder); see also Dep't of Labor & Indus. v. Heltzel, 90 A.3d 823 (Pa. Cmwlth. 2014) (remanding to OOR as initial fact-finder to consider application of exemption in the first instance). In these circumstances, it is incumbent upon an appeals officer to create an adequate factual record in order to issue a determination. 65 P.S. §67.1102(a); Bagwell.

Moreover, an appeals officer should consider procedural matters as the fact-finder in the first instance. Center Twp.; Bagwell v. Dep't of Educ, 76 A.3d 81 (Pa. Cmwlth. 2013) (en banc). In Center Township, we reasoned that appeals officers had the authority to conduct *in camera* review "to better enable appeals officers to develop an adequate record for judicial review, and at the same time, to render an informed and reasoned decision …." Center Twp., 95 A.3d at 370.

Thus, appeals officers are empowered to develop the record to ensure Chapter 13 courts may perform appellate review without the necessity of performing their own fact-finding. Pa. Dep't of Educ. v. Bagwell, 114 A.3d 1113, 1121 (Pa. Cmwlth. 2015); Center Twp.; Levy.

In Center Township, the township partially denied an RTKL request seeking the township solicitor's invoices. Specifically, the township redacted portions of the invoices allegedly pertaining to litigation services on the grounds the redacted portions concerned the progress and avenues explored in litigation and litigation-related issues and, as such, were exempt from disclosure under the attorney-client privilege or work-product doctrine. The requester appealed to OOR

25

and asked that OOR conduct *in camera* review of the documents. OOR directed the township to provide a privilege log identifying each record withheld and explaining why a privilege applied to each redacted entry. The township declined to do so. OOR subsequently granted the requester's request for *in camera* review and directed the township to produce for *in camera* review unredacted copies of all responsive records withheld. The township refused, asserting OOR lacked statutory authority to compel and undertake *in camera* review.

Thereafter, OOR filed a petition to enforce its order in this Court, seeking an order compelling the Township to produce the records in unredacted form for *in camera* inspection. After undertaking a thorough examination of case law concerning the availability and benefits of *in camera* review, a unanimous *en banc* panel of this Court rejected the township's argument that OOR lacked authority to conduct *in camera* review.

Thus, *in camera* review is appropriate to assess claims of privilege and predecisional deliberations. See, e.g., Bagwell v. Dep't of Educ., 103 A.3d 409 (Pa. Cmwlth. 2014) (en banc). Additionally, review of an index or "privilege log" of withheld records may be proper in determining whether records are exempt from disclosure. Heavens v. Dep't of Envtl. Prot., 65 A.3d 1069 (Pa. Cmwlth. 2013).

Moreover, while testimonial affidavits found to be relevant and credible may provide sufficient evidence in support of a claimed exemption, id., conclusory affidavits, standing alone, are insufficient to prove records are exempt.

Office of Governor v. Scolforo, 65 A.3d 1095 (Pa. Cmwlth. 2013) (en banc); Carey v. Dep't of Corr., 61 A.3d 367 (Pa. Cmwlth. 2013).

In light of our decision in Center Township, OOR's appeals officer acted within his broad discretion here in requesting that the Township produce the records at issue for *in camera* inspection as well as an *in camera* inspection index referencing each record by number and identifying each item within each record that is claimed to be exempt. This conclusion is directly supported by our decision in Center Township. More particularly, in this case: (1) Requester made a request for OOR to conduct *in camera* review of the records at issue, see R.R. at 11a, 209a; (2) the Township submitted a verified memorandum to OOR in which it asserted the records at issue were exempt under, among other things, the predecisional deliberative exception, but, as set forth more fully below, did not fully or correctly discuss or analyze this exception; and, (3) the Township refused to provide an index or "privilege log."

Based on these circumstances, OOR's appeals officer was within his authority to direct the Township to produce the records at issue for *in camera* inspection and, at a minimum, an *in camera* inspection index or "privilege log." We defer to OOR's appeals officer, the initial fact-finder, on this procedural issue rather than second-guess his attempt to adequately develop a record beyond the intertwined assertions of fact and law set forth in the Township's verified memorandum of law on issues such as the predecisional deliberative exception.[4]

---

[4] See Section 1102(b)(3) of the RTKL ("In the absence of a regulation, policy or procedure governing appeals under this chapter, the appeals officer shall rule on procedural matters on the basis of justice, fairness and the expeditious resolution of the dispute."); Levy

**(Footnote continued on next page…)**

27

Further, the predecisional deliberative exception set forth in Section 708(b)(10)(i) codifies the deliberative process privilege. Section 708(b)(10)(i) exempts from disclosure:

> (10)(i) A record that reflects:
>
> > (A) The internal, predecisional deliberations of an agency, its members, employees or officials or predecisional deliberations between agency members, employees or officials and members, employees or officials of another agency, including predecisional deliberations relating to a budget recommendation, legislative proposal, legislative amendment, contemplated or proposed policy or course of action or any research, memos or other documents used in the predecisional deliberations.

65 P.S. §67.708(b)(10)(i)(A). "According to the language of Section 708(b)(10)(i)[A], protected records must be predecisional and deliberative." Kaplin v. Lower Merion Twp., 19 A.3d 1209, 1214 (Pa. Cmwlth. 2011).

Thus, in order to establish the predecisional deliberative exception, the Township was required to show that the information is: (1) internal; (2) prior to agency decision or course of action; and, (3) deliberative in character. Scolforo. "Only … confidential deliberations of law or policymaking, reflecting opinions, recommendations or advice [are] protected as 'deliberative.'" Carey, 61 A.3d at 378.

---

**(continued…)**

(citing Bowling) (describing success of administrative regime of RTKL; concluding most disputes will end at appeals officer level); see also Bowling, 75 A.3d at 477 (concurring op. by Saylor, J., favoring wide latitude in appeals officer discretion and deference to administrative-level developments); id. at 478-79 (dissenting op. by Castille, C.J., expressing concern about fact-finding in the Commonwealth Court in RTKL cases).

Factual information is not deliberative in character. McGowan (remanding to OOR to assess factual content and direct disclosure of same in redacted form).

To qualify for exemption under the predecisional deliberative exception, an agency must explain how the information withheld reflects or shows the deliberative process in which an agency engages during its decision-making. Carey. Agencies may meet this burden by submitting an affidavit that sets forth sufficient facts enabling a fact-finder to draw its own conclusions. Id.

Here, in its verified memorandum, the Township misidentified the required elements to establish the predecisional deliberative exception. See R.R. at 157a. Further, the Township cited no authority in support of the purported test it set forth to establish this exception. Id. More importantly, the Township's discussion of the predecisional deliberative exception omitted reference to the third element, that the information is deliberative in character. R.R. at 157a-58a. Rather, the conclusory statements regarding the predecisional deliberative exception in the memorandum are strikingly similar to statements this Court previously held were insufficiently specific to establish records were exempt under the predecisional deliberative exception. See Scolforo, 65 A.3d at 1104 ("It is not enough to include in the [a]ffidavit a list of subjects to which internal deliberations may have related. The [a]ffidavit must be specific enough to permit [OOR] or this Court to ascertain how disclosure of the entries would reflect the internal deliberations on those subjects.")

Based on the Township's failure to more completely address the key element of the predecisional deliberative exception, that the information is "deliberative in character," it was entirely appropriate for OOR's appeals officer to request *in camera* review of the records at issue or an *in camera* inspection index or "privilege log." In short, it is simply unclear from the Township's verified memorandum whether the records at issue are exempt from disclosure under the predecisional deliberative exception. Thus, OOR's appeals officer acted well within his authority in requesting more information under these circumstances.

For the foregoing reasons, we reject as entirely without merit the Township's strained arguments of OOR misusing its authority to direct *in camera* review. If anything, we express concern about the potential for an agency to by-pass OOR as the fact-finder in the first instance and seek a more receptive audience in a Chapter 13 court. Thus, we reverse the trial court's order to the extent it reversed OOR's order.

Having now confirmed the law in this area, it is hard to imagine any significant public policy interest supporting judicial review of non-final OOR orders which seek to create an adequate record. In other words, it would be a very rare case which would support interlocutory review of an OOR order similar to the one here.

ROBERT SIMPSON, Judge

Judge Cohn Jubelirer concurs in the result only.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Township of Worcester | : |
| | : |
| v. | :    No. 711 C.D. 2015 |
| | : |
| Office of Open Records, | : |
| and James Mollick | : |
| | : |
| Appeal of: Office of Open Records | : |

## O R D E R

**AND NOW**, this 8th day of January, 2016, the order of the Court of Common Pleas of Montgomery County at No. 2014-27790, dated March 27, 2015, that denied the Office of Open Records' Amended Motion to Quash Appeal is **AFFIRMED**. The order of the Court of Common Pleas of Montgomery County at No. 2014-27790, dated March 27, 2015, that reversed the September 26, 2014 Order of Office of Open Records Order in <u>James Mollick v. Township of Worcester</u>, OOR Dkt. No. AP 2014-1179 is **REVERSED**. This matter is remanded to the Court of Common Pleas of Montgomery County for further remand to the Office of Open Records for proceedings consistent with the foregoing opinion.

Jurisdiction is relinquished.

---
ROBERT SIMPSON, Judge