# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown, : 
          Petitioner : 
      : 
         v. :   No. 1426 C.D. 2017
      :   Submitted: October 12, 2018
PA Historical and Museum : 
Commission, : 
         Respondent : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT          FILED: January 28, 2019

      Alton Brown, *pro se*, petitions for review of a final determination of the Office of Open Records (OOR) denying his appeal under the Right-to-Know Law (RTKL).[1] In doing so, the OOR held that the documents sent to Brown by the Pennsylvania Historical and Museum Commission (Commission) were responsive to Brown's document request and, therefore, Brown was responsible for paying the duplication fees and other costs. Because the Commission's entire document production is not of record, we remand.

      Brown is currently incarcerated at the State Correctional Institution (SCI) at Fayette.[2] On July 3, 2017, Brown submitted a right-to-know request to the Commission seeking the following information:

> 1.   Provide any document that identifies the person(s) that supervises the operations of your store, including that person(s)

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

[2] At the time that he submitted this request, Brown was incarcerated at SCI-Greene.

related duties and functions as established by the State Job Codes.

2. Provide any document that identifies the Historical and Museum store employees and their duties and functions as established by the State Job Codes.

Certified Record (C.R.), Item No. 1 at 3.

By letter dated July 27, 2017, the Commission's Open Records Officer, Cynthia Bendroth, granted Brown's request. She explained:

> Your request is granted. Attached please find the Job classification for the Bureau of the State Museum [employee] who supervises the museum store. The store employees are not state employees and do not have duties as established by the "State Job Codes," however they are contractual employees and attached please find their contracts with the [Commission].
>
> Pursuant to the fee provisions established by the Office of Open Records, the total cost of fulfilling your request is $18.00 ($.25 per page for duplication of 64 pages and $2.00 for postage).

C.R. Item No. 1, Exhibit A at 1.

Brown appealed the Commission's response, arguing that the documents were not responsive to his request and, as a result, he should not be required to pay the $18.00 fee. Brown attached to his appeal copies of four pages of the documents sent by the Commission in response to his right-to-know request,[3] along with the accompanying cover letter from Bendroth dated July 27, 2017. The OOR invited the parties to supplement the record.

---

[3] The four pages consist of a two-page purchase order dated August 17, 2016, for the services of "Ann Parrish Barnett" as a buyer for the State Museum store and two pages of a table of contents for an unidentified document. C.R. Item No. 1, Exhibit A at 3-6.

The Commission maintained that the documents it provided to Brown were the only records in its control that were responsive to his request. In support of its position, the Commission provided the following sworn affidavit:

> 1. My name is Cynthia Bendroth. I currently serve as Agency Open Records Officer for the Pennsylvania Historical and Museum Commission ("PHMC"), which is headquartered in Harrisburg, Pennsylvania.
>
> 2. PHMC's main office is located at 300 North Street in Harrisburg.
>
> 3. On or about July 27, 2017, PHMC sent from its main office in Harrisburg to Mr. Alton Brown, DL-4686, SCI Greene documentation in response to his request for information regarding "Historical and Museum Store employees."
>
> 4. As indicated previously, the name of the PHMC bureau that oversees the retail operations of the State Museum of Pennsylvania ("Museum") is the State Museum of Pennsylvania. Ms. Beth Hager is the Executive Director of the Museum, which is tantamount to head of the "bureau."
>
> 5. The Museum currently has contracts with Anne Parish Barnett and John Abbott for the operation of its retail store. These contracted individuals are not employees of the Commonwealth. The Museum exercises no organizational control over the contractors.

C.R. Item No. 3 at 4. The Commission offered to waive the $18.00 fee if Brown returned the documents to the Commission. Brown did not submit any additional documentation.

The OOR then requested a sworn affidavit from the Commission addressing whether it possessed any record reflecting the job duties, functions, and responsibilities of the State Museum store's contract employees. On August 30, 2017, the Commission submitted another position statement and the following sworn affidavit:

3

1.   My name is Beth Hager.  I currently serve as Director of the State Museum of Pennsylvania for the Pennsylvania Historical and Museum Commission ("PHMC"), which is headquartered in Harrisburg, Pennsylvania.

2.   PHMC's main office is located at 300 North Street in Harrisburg.

3.   On or about July 27, 2017, PHMC sent from its main office in Harrisburg to Mr. Alton Brown, DL-4686, SCI Greene documentation in response to his request for information regarding "Historical and Museum Store employees."

4.   The Museum currently has a contract with Ann Parish Barnett and John Abbott for the operation of its retail store. PHMC previously provided those contracts in response to Mr. Brown's request.

5.   PHMC has no other records related to the job duties, functions, or responsibilities of Ann Parish Barnett and John Abbott.

C.R. Item No. 9 at 7.

On September 5, 2017, the OOR issued its final determination denying Brown's appeal.  The OOR held that "the Commission's interpretation of [Brown's] Request was reasonable and the records provided to [Brown] were responsive to the Request." OOR Final Determination at 5.  The OOR also found that the Commission demonstrated that it provided Brown with the only responsive records in its possession, custody, or control.  Brown petitioned for this Court's review.

On May 10, 2018, the Commission filed a motion to supplement the record, alleging that Brown's appeal to the OOR was incomplete because he attached only four pages of the documents produced by the Commission in response to his right-to-know request.  Citing Pa. R.A.P. 1951, the Commission asked this Court to direct the OOR to correct the omission with a supplemental record containing the entire document production.  By order dated June 19, 2018, this Court directed the

4

Commission to file a copy of Cynthia Bendroth's July 27, 2017, cover letter and the 64 pages of documents produced to Brown as an appendix to its motion to supplement the record. The Commission has complied with the Court's order by appending copies of Bendroth's letter and the document production to its brief. The Commission has also provided a sworn affidavit by Bendroth, stating that the Commission actually sent 83 pages of documents to Brown and attesting that the appendix to its brief contains a complete copy of the documents.

On appeal,[4] Brown contends, *inter alia*, that the documents provided by the Commission were not responsive to his request. Specifically, he argues that the employment contracts between the Commission and the State Museum store employees did not identify the employees and their duties, as he requested. Brown asserts that the Commission purposefully sent him non-responsive documents to burden him with unnecessary costs, in violation of Section 901 of the RTKL, 65 P.S. §67.901.

The Commission's motion to supplement the record draws attention to a serious problem. When Brown appealed to the OOR, he submitted only four of the 83 pages of documents the Commission sent to him. Nevertheless, the OOR held that "the records provided to [Brown] were responsive" to his right-to-know request. OOR Final Determination at 5. The OOR did not support this conclusion with any factual findings relating the contents of the documents to Brown's request. Such findings are crucial for this Court to conduct effective review of the OOR's holding, as is access to the Commission's entire 83-page document production. In particular, we need to examine the entire Commission production to evaluate Brown's unusual

---

[4] This Court's standard of review of a final determination of the OOR is *de novo* and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

assertion that the Commission intentionally sent him non-responsive documents. Accordingly, we remand this matter to the OOR to enlarge the record[5] and make additional factual findings as necessary to support its decision.

_____
MARY HANNAH LEAVITT, President Judge

Judge Fizzano Cannon did not participate in the decision in this case.

---

[5] Section 1102(a) of the RTKL states that the OOR's "appeals officer may admit into evidence testimony, evidence and documents that the appeals officer believes to be reasonably probative and relevant to an issue in dispute." 65 P.S. §67.1102(a). *See also Township of Worcester v. Office of Open Records*, 129 A.3d 44, 57 (Pa. Cmwlth. 2016) ("Under the RTKL, OOR is charged with developing an evidentiary record before its appeals officers to ensure meaningful appellate review.").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,        :
          Petitioner     :
                         :
       v.              :    No. 1426 C.D. 2017
                         :
PA Historical and Museum      :
Commission,                 :
          Respondent    :

## O R D E R

AND NOW, this 28th day of January, 2019, the above-captioned matter is REMANDED to the Office of Open Records to make factual findings in accordance with the attached memorandum opinion within 30 days of the date of this order, and Respondent's Motion to Supplement the Record is DENIED as moot.

Jurisdiction is relinquished.

_____
MARY HANNAH LEAVITT, President Judge