IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas W. Olick,                              :
              Appellant            :
                              :
              v.                         :      No. 801 C.D. 2022
                              :      Submitted: December 4, 2023
City of Easton, Mayor Sal Panto Jr.   :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE STACY WALLACE, Judge
               HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT             FILED: April 4, 2024

Thomas W. Olick, *pro se*, appeals the July 15, 2022, order of the Court of Common Pleas of Northampton County (trial court) affirming the final determination of the Office of Open Records (OOR) and awarding the City of Easton (City) attorney fees in the amount of $500 under Section 1304(b) of the Right-to-Know Law (RTKL).[1] Upon review, we affirm the trial court.

Olick submitted two RTKL requests to the City for documents relating to the City's sidewalk ordinance and a public utility's duty to maintain a sidewalk. The City provided some documents but also denied Olick's request to the extent he sought records that do not exist. Olick appealed to the OOR, asserting that he did not receive certified copies of the records requested and that the City failed to

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §67.1304(b). It states:

> (b) Sanctions for frivolous requests or appeals.--The court may award reasonable attorney fees and costs of litigation or an appropriate portion thereof to an agency or the requester if the court finds that the legal challenge under this chapter was frivolous.

65 P.S. §67.1304(b).

produce additional documents that he believes exist.  The OOR directed the City to provide Olick with certified copies of the requested ordinances and lease agreement. The OOR determined, however, that the City demonstrated that no additional responsive records existed.

Olick then appealed to the trial court, arguing that neither the City nor the OOR provided him with a copy of the City's answer to Olick's OOR appeal until after the OOR issued its final determination.  His filing raised tort and contract claims and also referenced a complaint he filed with the Pennsylvania Board of Claims.

The trial court scheduled Olick's OOR appeal for hearing.  On June 7, 2022, Olick filed a motion to remove this matter from the hearing list for June 27, 2022.  This motion stated that discovery was not complete and, further, the trial court lacked subject matter jurisdiction while his Board of Claims matter, filed on March 31, 2022, was still pending.  On that same day, the trial court denied Olick's motion. On June 21, 2022, Olick filed a notice of appeal of the trial court's order with this Court.

On July 15, 2022, the trial court affirmed the OOR determination.  The trial court reasoned that Olick did not identify any substantive basis upon which the OOR or the court could conclude that the City improperly withheld records required to be disclosed under the RTKL.  The only issue Olick raised was that he did not receive a copy of the City's answer to his OOR appeal before the OOR rendered its final determination.  However, Olick did not identify any authority that would invalidate the OOR's determination on that basis, and he was not prejudiced by not receiving a copy of the City's answer.  The trial court awarded the City attorney fees

2

in the amount of $500 under Section 1304(b) of the RTKL for a frivolous appeal. Olick also appealed this order.

Before this Court,[2] Olick raises three issues.[3, 4] First, he argues that the trial court's June 7, 2022, order, which denied his motion to remove the matter from

---

[2] "Our review in a RTKL case where the trial court sits as a reviewing court is whether the trial court committed an error of law and whether its findings of fact are supported by substantial evidence." *Township of Worcester v. Office of Open Records*, 129 A.3d 44, 51 n.3 (Pa. Cmwlth. 2016).

[3] On December 12, 2023, Olick filed an application to submit an amended statement of questions involved to correct the format of his questions. The City did not file a response to the application. We grant Olick's application.

[4] Olick's amended statement of questions raised 10 issues. They are:

1. Pursuant to Pa Title 62 Rule 1712.1 and prior orders of the Pa Supreme Court, did the trial court err when it did not permit the Pa Board of Claims has primary jurisdiction concerning the underlying Commonwealth Contract Controversy?

   Suggested Answer: Yes

2. Does a determination of the relevant contract and disputes between [Olick] and [the City] lies [sic] within the scope of a Commonwealth Contract Controversy?

   Suggested Answer: Yes

3. Did the trial court violate [Olick's] U.S. Constitutional Rights, including but not limited to the 14th Amendment [U.S. Const. amend. XIV], due process, etc.?

   Suggested Answer: Yes

4. In the below proceedings, did [the City] knowing [sic] and intentional [sic] engage in the concealment and/or spoilage of evidence?

   Suggested Answer: Yes

5. In the proceedings below, did [the City] and it's [sic] witnesses knowing [sic] and intentional [sic] commit perjury?

   Suggested Answer: Yes

6. Were [Olick's] rights pursuant to 231 Pa. Code @ Rules 1018.1 & 1361 violated because [the City] did not provide [Olick] with a 20 day "Notice to Defend" against the Counter Claims?

   Suggested Answer: Yes

7. In the proceedings below, did the [City] violate [its] Pa. R. Crim. Prod [sic] 573 duty to produce exculpatory evidence?

   Suggested Answer: Yes

3

the June hearing list, deprived him of the opportunity to prepare his case and violated his due process rights. Specifically, Olick contends, he "was justified in seeking discovery of [the] records and/or deposing [the City's] employees about their OOR recanting of their prior testimony, non-production of records and/or written statement that no such records exist in the OOR proceedings[.]" Olick Brief at 29. Second, he argues that the trial court should not have decided the merits of the OOR's final determination while his interlocutory appeal and the Board of Claims matter were still pending. Third, he argues that the trial court erred in affirming the OOR's determination and imposing sanctions against him in an award of attorney fees.

The City responds that Olick had plenty of time to prepare his case before the scheduled hearing and, in any case, Olick did not serve discovery requests upon the City. Olick's June 21, 2022, appeal of the trial court's June 7, 2022,

---

8. Prior to the scheduling of a trial, was [Olick] denied a reasonable opportunity to answer, raise defenses, including preliminary objections, demurrers, etc. and/or a reasonable amount of time to conduct or obtain reasonable discovery or that which would lead to discovery of admissible material evidence (violations of 231 Pa. RCP Code @ 4000, et. seq.)?

   Suggested Answer: Yes

9. Should [Olick] have prevailed in the below proceedings because of his defenses of Double Jeopardy, res judicata, collateral estoppel?

   Suggested Answer: Yes

10. In the below proceedings, did the [City] knowingly and intentionally engage in Fraud?

    Suggested Answer: Yes

Olick Amended Statement of Questions Involved. Most of these issues Olick failed to adequately develop in his brief; therefore, they are waived. *City of Philadelphia v. Berman*, 863 A.2d 156, 161 n.11 (Pa. Cmwlth. 2004) (holding that the failure to develop an issue in the argument section of the brief constitutes a waiver of the issue); *see also* PA. R.A.P. 2119(a) (requiring that the argument shall be divided into as many parts as there are questions followed by discussion and citation of pertinent authority).

4

interlocutory order did not deprive the trial court of jurisdiction over his OOR appeal. The Board of Claims lacked jurisdiction because neither the City nor the water authority are Commonwealth entities. Finally, the City contends that the record supports the trial court's finding that Olick's appeal of the OOR determination was frivolous.

We begin with Olick's contention that the trial court erred in denying his motion to remove the matter from the June 27, 2022, hearing list. The only issue Olick raised in his appeal to the trial court was that he was not given the City's response to his appeal before the OOR issued its final determination. Olick did not challenge the OOR's determination that the City had no records responsive to his RTKL request. Therefore, deposing the City's employees about their "non-production of records" would not help Olick's appeal. Olick Brief at 29.

Even so, Olick filed his appeal of the OOR's final determination on April 8, 2022, to which the City replied, *inter alia*, with a praecipe to place the matter on the June 27, 2022, non-jury list. This gave Olick 68 days to conduct discovery, and Olick does not argue that the 68-day time period was insufficient to do so.

In short, we discern no error in the trial court's order of June 7, 2022, denying Olick's motion to remove the matter from the hearing list.

We turn, next, to Olick's argument that the trial court lost jurisdiction over the merits of his OOR appeal by reason of his appeal of the trial court's June 7, 2022, order denying his motion. Under Pennsylvania Rule of Appellate Procedure 341(b), a final order is one that "disposes of all claims and of all parties," "is entered as a final order" by a trial court pursuant to PA. R.A.P. 341(c), or is defined as a final order pursuant to PA. R.A.P. 341(f) (orders issued under Post Conviction Relief

5

Act[5]).  PA. R.A.P. 341(b).  "The purpose of limiting appellate review to a final order is to prevent piecemeal determinations and the consequent protraction of litigation." *In re First Baptist Church of Spring Mill*, 22 A.3d 1091, 1095 (Pa. Cmwlth. 2011) (quotation omitted).

Here, the trial court's order of June 7, 2022, did not dispose of all claims and, thus, was interlocutory.  Notably, the trial court did not enter the order as a final order pursuant to Rule 341(c).  Further, the order did not fall within the scope of Pennsylvania Rule of Appellate Procedure 311 (interlocutory appeals as of right), Rule 312 (interlocutory appeals by permission), or Rule 313 (collateral orders).  PA. R.A.P. 311, 312, 313.

In sum, the June 7, 2022, order constituted a non-appealable interlocutory order.  The trial court did not lose jurisdiction over Olick's OOR appeal by reason of Olick's appeal of the denial of his motion.

Likewise, Olick's pending claim with the Board of Claims also did not divest the trial court of jurisdiction over his appeal of the OOR's final determination. The Board of Claims adjudicates claims involving contracts entered into by Commonwealth agencies filed under Section 1712.1 of the Procurement Code, 62 Pa. C.S. §1712.1.  *See* 62 Pa. C.S. §1724(a)(1), (c).[6]  The trial court was reviewing Olick's appeal under the RTKL and not a contract claim.  Thus, Olick's pending claim with the Board of Claims did not affect the trial court's jurisdiction over Olick's appeal of the OOR's final determination.

---

[5] 42 Pa. C.S. §§9541–9546.

[6] Olick asserts that the City was acting as a "Commonwealth Agency" with regards to "its water distribution system," which "serv[es] numerous municipalities in several counties[.]"  Olick Brief at 2.  Olick cites neither factual nor legal support for this proposition.

Finally, we consider Olick's claim that the trial court erred in affirming the OOR's final determination and imposing attorney fees against Olick under Section 1304(b) of the RTKL. The statement of questions presented in Olick's brief does not raise any issue with respect to either holding of the trial court. Olick Brief, Amended Statement of Questions Involved. Under PA. R.A.P. 2116(a), "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." *See also Township of Concord v. Concord Ranch, Inc.*, 664 A.2d 640, 651 (Pa. Cmwlth. 1995) ("The failure of a party to act in conformity with PA. R.A.P. 2116(a) constitutes a waiver of the issue").

Even so, Olick offers no meaningful argument in support of his challenge to the trial court's order. Olick argues that "[a] reasonable unbiased trier of fact would conclude that [the City has] or should have those records." Olick Brief at 5. Olick contends that his appeal to the trial court was not frivolous but, rather, "justified," because of the City's "continuing failure to timely produce the certified records sought and as required to be produced by the OOR 3/14/22 Order[.]" Olick Brief at 6. Olick argues that the award of attorney fees against him should be vacated because it "was contrary to and not supported by the facts, evidence, pleadings, testimony, and Pa[.] Statutes." *Id*. at 7. These are conclusory arguments at best.

The only issue Olick raised in his appeal to the trial court was that the City did not serve him a copy of its response to his appeal before the OOR issued its final determination. Olick did not identify any substantive basis upon which the OOR or the trial court could possibly find that the City improperly withheld records that existed. Where an appellant fails to raise or properly develop issues on appeal, or where the brief is wholly inadequate to present specific issues for review, a court

7

will not consider the merits of the claims raised on appeal. *See Commonwealth v. Brown*, 196 A.3d 130, 185 n.21 (Pa. 2018).

For the foregoing reasons, we affirm the trial court's July 15, 2022, order affirming the OOR's final determination.

_____
MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas W. Olick,          :
                Appellant      :
                               :
           v.               :      No. 801 C.D. 2022
                               :
City of Easton, Mayor Sal Panto Jr.   :

## O R D E R

AND NOW, this 4th day of April, 2024, Thomas W. Olick's application to submit an amended statement of questions involved, filed on December 12, 2023, is GRANTED. The order of the Court of Common Pleas of Northampton County, dated July 15, 2022, in the above-captioned matter, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita