IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The County of Delaware,     :
     Petitioner   :
           : No. 455 C.D. 2021
   v.       :
           : Submitted: June 23, 2022
Pennsylvania Public Utility  :
Commission,      :
     Respondent  :


BEFORE: HONORABLE PATRICIA A. McCULLOUGH, Judge
     HONORABLE ANNE E. COVEY, Judge
     HONORABLE LORI A. DUMAS, Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH      FILED: September 12, 2022


   The County of Delaware, Pennsylvania (Petitioner) petitions for review of the March 30, 2021 Opinion and Order of the Pennsylvania Public Utility Commission (Commission), which (1) vacated the Recommended Decision of the Administrative Law Judge (ALJ) to deny the Application of Aqua Pennsylvania Wastewater, Inc. (Aqua), (Application), seeking approval to acquire the assets of the Delaware County Regional Water Quality Control Authority (DELCORA); (2) reopened the record; and (3) remanded the matter to the Office of Administrative Law Judge (OALJ) for further proceedings and a recommended decision evaluating and recommending the disposition of the Application based on new developments in the case after the close of the evidentiary record. Upon review, we quash the petition for review.

# I. History of the Proceeding

This matter concerns Aqua's Application filed on March 3, 2020, pursuant to sections 1102,[1] 1329[2] and 507 of the Public Utility Code (Code), 66 Pa. C.S. §§1102, 1329 and 507, seeking Commission approval to acquire DELCORA's wastewater assets for $ 276.5 million. In its Application, Aqua requested the issuance of an Order and Certificates of Public Convenience for the approval of: (1) the acquisition by Aqua of DELCORA's wastewater system assets situated within all or part of 49 municipalities within portions of Chester and Delaware Counties; (2) the right of Aqua to begin to offer, render, furnish and supply wastewater service to the public in portions of Delaware and Chester Counties; and (3) the assignment of 163 DELCORA contracts to Aqua. (Reproduced Record (R.R.) at 42a-62a.) The Application contained testimony describing what the seller, DELCORA, was planning to do with the majority

---

[1] Section 1102 of the Code, 66 Pa.C.S. §1102, governs the Commission's general review of a public utility's request to acquire new assets.

[2] Section 1329(c) of the Code, 66 Pa.C.S. §1329(c), addresses the issue of the Commission's determination of the rate base value for assets acquired that will later be added to the rate base of the acquiring utility for ratemaking purposes. Section 1329(d)(1) specifies the materials and information to be included in a Section 1329 application filing, including "a rate stabilization plan, if applicable to the acquisition." 66 Pa.C.S. 1329(d)(1).

Section 1329(d)(2) provides that "[t]he Commission shall issue a final order on an application submitted under this section within six months of the filing date of an application meeting the requirements of subsection (d)(1)." 66 P.S. 1329(d)(2).

After enactment of Section 1329, the Commission entered an Implementation Order, which in part, elaborated on the six-month deadline:

> [W]e emphasize that the Commission's proposed model timeline was only a guideline for achieving a Commission final order within the six-month deadline. . . . We would expect the proposed modifications to recognize the requirements of due process in a particular proceeding and, at the same time, be tailored to the development of a full and complete record for the Commission's review.

*Implementation of Section 1329 of the Public Utility Code*, PUC Docket No. M-20162543193 (Order Entered October 27, 2016) at 35.

of the transaction proceeds. DELCORA's plan was to place the transaction proceeds into an irrevocable trust dedicated to providing payments to customers to assist with future bills. Aqua explained in its Application that as the buying utility, its tariff would charge cost of service rates and further explained why a rate stabilization plan, as defined in section 1329(g) of the Code, was unnecessary.

On May 14, 2020, Petitioner filed a complaint against DELCORA and the DELCORA Rate Stabilization Trust in the Court of Common Pleas of Delaware County (common pleas court) at Docket CV-2020-003185, asserting that DELCORA's creation of a trust in connection with the proposed transaction violated DELCORA's Articles of Incorporation, was *ultra vires*, and violated the Municipality Authorities Act, 53 Pa.C.S. §§5601-5623 (R.R. at 105a-106a.)

On May 18, 2020, Petitioner filed a petition to intervene in the Application proceeding before the Commission, claiming that Aqua's Application was not in the public interest and that the DELCORA Rate Stabilization Trust Agreement and related agreements associated with the Application violate applicable law.

By Secretarial Letter dated June 11, 2020, the Commission's Bureau of Technical Utility Services notified Aqua of the conditional acceptance of the Application for filing and directed Aqua to (1) provide notice of the filing of the Application; (2) amend its Application to include certain supplemental materials; and (3) ensure verification of the supplemental materials. (R.R. at 197a.)

On June 23, 2020, Petitioner sought reconsideration (Reconsideration Petition) and rescission of the June 11, 2020 Secretarial Letter and reissuance of a new Secretarial Letter requiring Aqua to attach a rate stabilization plan to its Application. (R.R. at 198a.) On July 9, 2020, Aqua filed an answer to the Reconsideration Petition

arguing that section 1329 of the Code did not require submission of a rate stabilization plan given the relationship between Aqua's Commission-determined rates and DELCORA's proposed use of transaction proceeds through a trust. (R.R. at 198a.)

By Secretarial Letter dated July 14, 2020, the Commission notified the parties that the docket was inactive but, if Aqua satisfied all of the conditions in the June 11, 2020 Secretarial Letter, and the docket became active as a result of that satisfaction, the Reconsideration Petition, and any responsive filings, would be accepted into the docket and assigned for formal action and disposition. (R.R. at 198a.)

On July 15, 2020, Petitioner filed an amendment to its Reconsideration Petition (Amended Reconsideration Petition) averring "new and additional information concerning developments in a civil court proceeding that arose after Petitioner filed its [Reconsideration] Petition." (R.R. at 198a.) Specifically, the civil court proceeding was a reference to the complaint Petitioner filed against DELCORA in the common pleas court. Petitioner argued that the Commission's deferral of disposition of its Reconsideration Petition until after the Application was accepted for filing would violate Petitioner's due process right to challenge the Commission's determination.

On July 23, 2020, Aqua filed a letter confirming completion and satisfaction of the notice requirements and conditions set forth in the June 2020 Secretarial Letter and requesting that the Commission finally accept its Application. (R.R. at 199a.) By Secretarial letter dated July 27, 2020, the Commission acknowledged Aqua's completion of the requirements and conditions of filing and accepted Aqua's Application for consideration. (R.R. at 199a.)

On August 7, 2020, Petitioner filed with the Commission a petition for stay, arguing that the disputed issues in the proceeding it initiated before the common

4

pleas court at Docket No. CV-2020-003185 must be resolved prior to the Commission's adjudication of the Application. Petitioner requested that the Commission stay Aqua's Application proceeding until January 31, 2021, or such earlier time until the common pleas court entered a final order in that proceeding.[3] Petitioner's petition for stay also addressed whether its stay request would extend the Commission's review period of Aqua's Application beyond the six-month timeframe referenced in section 1329(d)(2) of the Code, specifically advising the Commission that the six-month review period could be expanded beyond six months because it was a directory time period rather than a mandatory statutory provision. (R.R. at 116a.)

On August 27, 2020, the Commission entered an Opinion and Order denying Petitioner's Amended Reconsideration Petition, stating:

> However, as is now evident from the Petition [for Reconsideration], the Amended Petition [for Reconsideration] and the responsive pleadings, **the [Petitioner] and [Aqua] present a factual dispute of whether a rate stabilization plan exists and whether it is applicable to the Application. At this stage of the Application proceeding, therefore, it would be premature and potentially violative of due process for the Commission to make a determination about this factual dispute without the development of a full evidentiary record**. **Notwithstanding the six-month consideration period set forth in [s]ection 1329**, there is sufficient time for the Parties to conduct discovery and present their testimony and arguments regarding the rate stabilization plan question during the normal administrative litigation process.

---

[3] On December 28, 2020, the Court of Common Pleas of Delaware County in the proceeding at Docket No. CV-2020-003185 entered an Order rejecting Petitioner's claims and requests for relief. Petitioner appealed to this Court, which reversed and remanded for further proceedings. *Cnty. of Del. v. Del. Cnty. Reg'l Water Quality Control Auth.*, (Pa. Cmwlth., No. 148 C.D. 2021, filed March 3, 2022).

5

(R.R. at 211a) (emphasis added).

Between July 17 and August 31, 2020, multiple parties protested Aqua's Application, including: Southwest Delaware County Municipal Authority (SWDCMA); Edward Clark, Jr., on behalf of Treasure Lake Property Owners Association; Ross Schmucki; Upland Borough; Lower Chichester Township; Cynthia Pantages, on behalf of C&L Rental Properties; Trainer Borough; Edgmont Township of Delaware County; Kimberly-Clark Pennsylvania, LLC and Kimberly-Clark Corporation; Sunoco Partners Marketing & Terminals, L.P./Energy Transfer (Sunoco), and Petitioner. (R.R. at 309a-312a.)

On November 9 and 10, 2020, evidentiary hearings were held before two ALJs. On January 12, 2021, the ALJs issued a Recommended Decision recommending the denial of Aqua's Application for three reasons: (1) Aqua failed to establish a record upon which the Commission could make a determination that the transaction satisfied the requirements of the Code; (2) the outstanding issues surrounding DELCORA's legal ability to transfer assets prevent a reliable determination of the appropriate section 1329 ratemaking rate base; and (3) Aqua failed to include its rate stabilization plan as an attachment to its Application. (R.R. 331a, 333a-334a.)

On January 22, 2021, Aqua, DELCORA, and Sunoco filed Exceptions to the Recommended Decision. The Exceptions filed by Aqua and DELCORA contained extra-record assertions and material changes related to the rate stabilization plan.

Following the close of the record, twenty additional filings were submitted between January 8, 2021, and March 10, 2021, including various withdrawals of protests, joint stipulations of settlement and Petitioner's Petition for Official and Judicial Notice of Facts pursuant to 52 Pa. Code §§5.41 and 5.408, requesting the

6

Commission to take notice of its filing of a Notice of Appeal of the Order of the common pleas court in the Delaware County lawsuit.

## A. The Commission's Remand Order

On March 30, 2021, the Commission entered its Remand Order (from which Petitioner now appeals), in which it (1) declined to rule on the Exceptions of Aqua, DELCORA and Sunoco; (2) found that it was in the public interest to reopen the record to consider the filings and averments submitted after the close of the record to permit a full evaluation of the Application by the Commission; (3) vacated the Recommended Decision; (4) remanded the matter to the OALJ for such further proceedings as deemed necessary or appropriate; and (5) directed the issuance of a Recommended Decision on Remand. (Remand Order at 16.) In the Remand Order, the Commission found that the numerous filings and averments made after the close of the record were not part of the evidentiary record and, as such, there had been no opportunity for any of the parties to present testimony subject to cross examination related to these purported evidentiary matters. (Remand Order at 15.) Furthermore, the Commission found that the outstanding litigation related to Petitioner's challenge to DELCORA's legal authority to sell its assets to Aqua may need to be considered when evaluating the Application. (Remand Order at 15.) The Commission noted that its regulations authorize the reopening of the record after the issuance of a recommended decision if there is reason to believe that conditions of fact or of law have changed as to require, or that the public interest requires, the reopening of the proceeding. Remand Order at 15 (citing 52 Pa. Code §5.571(d)(2)).[4]

---

[4] 52 Pa. Code §5.571(d)(2) permits the reopening of the record for the reception of further evidence after the issuance of a recommended decision "if there is reason to believe that conditions of fact or of law have so changed as to require, or that the public interest requires, the reopening" of the record.

## B. Petition for Review

On April 29, 2021, Petitioner filed the instant petition for review, requesting the Court to vacate the Remand Order and remand the case to the Commission with a direction for the Commission to dismiss Aqua's Application without prejudice, which would permit Aqua to refile its Application with a rate stabilization plan attached to it.[5] With respect to the substantive merits of the Remand Order, Petitioner contends that the Remand Order was arbitrary and capricious, an abuse of discretion and violative of due process and the law of the case doctrine because the Commission did not consider the Exceptions, Reply Exceptions, and deadlines previously established and ordered, and failed to make sufficient legal and factual findings to permit appellate review.

In response, the Commission and Intervenors argue that the petition for review should be quashed because the Remand Order is not an appealable interlocutory order, an appealable collateral order or an appealable final order.[6] They also offer arguments in opposition to the merits of the appeal. We will address first the appealability issue.

## II.    Discussion

At the outset, we note that none of the parties question that the Remand Order, which vacated the Recommended Decision and remanded an ongoing section 1329 application proceeding for limited and clearly defined purposes, is by its terms, interlocutory and not final. Our appellate rules provide that a non-final and

---

[5] Aqua and DELCORA (collectively, Intervenors) intervened and filed briefs.

[6] The Commission and Aqua filed a Motion and Application, respectively, seeking to dismiss and/or quash the instant petition for review. Petitioner filed its Answer on June 4, 2021. On June 11, 2021, this Court ordered that "the Application to Dismiss and/or Quash Appeal and the Motion to Quash shall be listed with the merits of the appeal." (Cmwlth. Ct. Order, June 11, 2021.)

interlocutory order may be appealed in some circumstances. The question is whether any of those rules apply here.

### A. The Remand Order Is Not an Appealable Interlocutory Order Under Rule 311(f) of the Pennsylvania Rules of Appellate Procedure

An order remanding a matter to the OALJ for further proceedings is an unappealable interlocutory order unless it falls within one of the exceptions set forth in Rule 311(f) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 311(f). *Sunoco Partners Marketing & Terminals, L.P. v. Clean Air Council*, 219 A.3d 280, 286 (Pa. Cmwlth. 2019). Rule 311(f) provides that an appeal may be taken as of right from: (1) an order of a government unit remanding a matter to an administrative agency or hearing officer for execution of the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion; or (2) an order of a government unit remanding a matter to an administrative agency or hearing officer that decides an issue that would ultimately evade appellate review if an immediate appeal is not allowed. Pa.R.A.P. 311(f).

The first exception of Rule 311(f) provides that an appeal may be taken as of right from an order of a government unit remanding a matter to a hearing officer for execution of the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion. Pa.R.A.P. 311(f)(1). Here, the Commission remanded the case to the OALJ for further proceedings, which will clearly require the exercise of discretion in evidentiary rulings and fact-finding. Accordingly, the Remand Order requires administrative discretion, and the petition for review does not meet the requirements of Rule 311(f)(1).

The second exception of Rule 311(f) provides that an appeal may be taken as of right from an order of a government unit remanding a matter to a hearing officer

9

that decides an issue that would ultimately evade appellate review if an immediate appeal was not allowed. Pa.R.A.P. 311(f)(2). Here, there is no issue alleged in the petition for review that will evade review if this appeal is dismissed and the matter is allowed to proceed on remand. Petitioner alleges the following issues: (1) violation of the section 1329(d)(2) deadline; (2) violation of the law of the case doctrine; (3) arbitrary and capricious reduction of Aqua's burden of proof; and (4) arbitrary and capricious remand not supported by substantial evidence. These asserted issues may all be raised after a final order is entered. There is no merit to Petitioner's claim that it will be precluded from later challenging the Commission's Remand Order if this appeal is denied.

It is well settled that "an appeal of a final order subsumes challenges to previous interlocutory decisions[.]" *Betz v. Pneumo Abex, LLC*, 44 A.3d 27, 54 (Pa. 2012); *see also Sunoco*, 219 A.3d at 295 (once a final, appealable order has been appealed, any prior interlocutory order can be called into question). More specifically, the Remand Order is not appealable as of right because it did not decide the merits of the Application, resulting in no issue capable of evading appellate review. *See Sunoco*, 219 A.3d at 294 (*citing Sentinel Ridge Development LLC v. Department of Environmental Protection.*, 2 A.3d 1263, 1267 (Pa. Cmwlth. 2010) (where the lower tribunal's order did not decide the merits before the remand, there is no issue capable of evading review)). This case is factually similar to *Sentinel* in which a developer applied for a stormwater permit for a construction project which was granted by the Department of Environmental Protection (DEP). *Id*. at 1267. DEP's decision to grant the permit was appealed to the Environmental Hearing Board (EHB) by a local community organization and, at the EHB hearing, expert testimony established concerns with discharge surface water and subsurface water impact. *Id*. Based upon

10

the evidence before it, the EHB found that DEP erred by treating the construction site as a non-discharge site, suspended the permit and remanded the matter to DEP to conduct additional fact-finding regarding the project's impact on the subsurface water. *Id.* The developer appealed the EHB decision, and this Court quashed the appeal as interlocutory, reasoning:

> After DEP conducts its review, it will either restore the permit or revoke it. Any aggrieved party can then appeal. The EHB can then review the permit in light of the additionally gained information. The issues here relating to the overflow and to the hydrogeology can then be fully addressed with a fully developed record.
>
> * * *
>
> [T]he EHB did not finally address any aspect of the permit. The EHB specifically indicated that it was not revoking the permit, but that it was not 'particularly receptive . . . based on the existing record' to 'simply approve the permit and dismiss the appeal.' [Sentinel] EHB [No. 2007-287-L] Dec. at 18. Rather, the EHB accepted many of the concerns and questions raised by CCN and its experts as to the methodologies used by [the developer] and DEP, and has remanded the matter for further evaluation of the permit under appropriate methodologies.

*Sentinel*, 2 A.3d at 1267.

Similarly, in the present case, rather than deciding the merits of Aqua's Application, the Commission reopened the record and remanded the matter for additional fact-finding and further development of the record to allow for the Commission's thorough evaluation of Aqua's Application pursuant to sections 1102, 1329 and 507 of the Code. 66 Pa.C.S. §§66 Pa. C.S. 1102, 1329, and 507. After the OALJ conducts the additional fact-finding and a Commission decision is rendered on

11

the merits of Aqua's Application, Petitioner (to the extent that it is aggrieved) may then petition to this Court based upon a fully developed record.

Petitioner's argument in support of interlocutory jurisdiction is based on its assertion that the Remand Order identified "deficiencies" in Aqua's Application and was intended to permit Aqua to correct those deficiencies. We have found no support for this assertion in the record or the Remand Order. The Commission did not make any decision on the merits of the Application, or identify errors in the Application, or direct Aqua to correct or modify any issue in the Application. Nowhere in the Remand Order does the Commission indicate that Aqua's Application is deficient. Instead, the Commission noted the volume of extra-record information filed in the docket after the close of the record and found "it is in the public interest to reopen the record, as provided in section 5.571(d)(2) of the Commission's regulations, to consider the filings submitted after the close of the record outlined above because they may impact the Commission's ultimate evaluation of the Application." (Remand Order, at 15 (citing to 52 Pa. Code §5.571(d)(2)). Thus, without a Commission decision regarding the merits of the Application, there is no issue which will evade review if the appeal is quashed.

Moreover, the Remand Order is not appealable as of right because it does not require the parties to relitigate the Application using different procedures. *Cf. Marchionni v. Southeastern Pennsylvania Transportation Authority*, 715 A.2d 559 (Pa. Cmwlth. 1998) (where trial court agreed with employee that local agency's procedure commingled prosecutorial and adjudicatory functions and remanded for a new hearing with different procedural safeguards, order was immediately appealable under Pa. R.A.P. 311(f)(2), because propriety of agency's original procedures would not be at issue in subsequent appeal from second adjudication).

12

Accordingly, we find that the Commission's Remand Order is not appealable as of right under Rule 311(f)(1) and (2).

## B. The Remand Order Is Not an Appealable Collateral Order Under Rule 313 of the Rules of Appellate Procedure

We next consider whether the Remand Order is an appealable collateral order under Rule 313 of the Pa.R.A.P.

Rule 313 provides for immediate appeal of an otherwise non-appealable interlocutory order where the following elements are met: (1) the order is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. Pa. R.A.P. 313(a)-(b). This Rule is construed narrowly, and each prong of the test must be met before an order may be considered appealable. *Brophy v. Philadelphia Gas Works and Philadelphia Facilities Management Corporation*, 921 A.2d 80, 87 (Pa. Cmwlth. 2007). A narrow construction of this Rule not only avoids piecemeal determinations and protraction of litigation but also furthers judicial accuracy because an appellate court is more likely to decide an issue correctly in the context of a complete adjudication and a full development of the record. *Northumberland County Children & Youth Services v. Department of Public Welfare*, 2 A.3d 794, 797 (Pa. Cmwlth. 2010).

The Remand Order, which makes no decision on the merits of the Application and remands the matter for further proceedings, is not the type of order contemplated by the Rules Committee to be appealable under Rule 313. In determining whether an order is separable from and collateral to the main cause of action, we must first decide whether review of the order implicates the merits of the main cause of

13

action. *Township of Worcester v. Office of Open Records*, 129 A.3d 44, 51 (Pa. Cmwlth. 2016). In other words, we examine "whether the issues appealed can be addressed without analysis of the underlying claims on the merits." *Brophy*, 921 A.2d at 87. Where review of the order at issue does not implicate or affect the merits of the underlying dispute, it is separable from and collateral to the main cause of action. *Township of Worcester*, 129 A.3d at 51.

Here, Petitioner characterizes the threshold issue on appeal as "whether Aqua's Application was statutorily and procedurally deficient." (Petitioner's Brief at 26.) This is the same analysis to be undertaken by the Commission in evaluating Aqua's Application filed pursuant to sections 1102, 1329 and 507 of the Code in the main action. Petitioner's petition for review seeks to answer that very question. Thus, contrary to Petitioner's argument, the question of whether Aqua's Application was deficient is not conceptually distinct from the main issue in this case, which also requires analysis of Aqua's Application pursuant to section 1329 of the Code. The fact that it seeks to do so based primarily on procedure does not mean that the order that is the subject of its petition is severable from the main issue of the case. Accordingly, we find that Petitioner has failed to show that the threshold issue on appeal is significantly different from the issue presented in the main action. To the contrary, the Remand Order clearly implicates the merits of the underlying dispute and is not "separable from and collateral to" the main Commission proceeding underlying this review.

With respect to the second element, a right is "important" if the interests that would go unprotected without immediate appeal are significant relative to the efficiency interests served by the final order rule; notably, the rights involved must implicate more than just the individual parties in the matter, and, instead, must be deeply rooted in public policy going beyond the particular litigation at hand. *Support*

14

*Center for Child Advocates v. Department of Human Services*, 189 A.3d 497 (Pa. Cmwlth. 2018). Instantly, no public policy right is implicated which goes beyond the litigation. Petitioner alleges that the right at issue is "the interpretation of [s]ection 1329 and [its] right to have its claim of procedural deficiencies promptly litigated." (Petitioner's Brief at 26.) Section 1329 of the Code provides a directory six-month timeframe for the Commission to review applications submitted under its provisions. The Commission's decision to remand for further proceedings was specific to the procedural posture of this case. Contrary to Petitioner's argument, the Commission's decision to remand will not set a "dangerous" precedent going forward. Further, a right is not too "important" to be denied review when the petitioner has another avenue to obtain an adequate remedy. *Fayette County Office of Planning, Zoning and Community Development v. Fayette County Zoning Hearing Board*, 981 A.2d 336, 341 (Pa. Cmwlth. 2009) (holding that the right involved was not too important to be denied review or the question presented such that the claim would be irreparably lost if review were postponed, since neighbors had an adequate remedy under the Pennsylvania Municipalities Planning Code[7] to bring an action alleging their property would be affected by the zoning violation). Because the Commission has not yet rendered a final decision on the issues alleged on appeal, the Remand Order does not implicate an "important" right which will be lost absent immediate review.

Finally, with respect to the third element, there will be ample opportunity for the Court to review all issues raised by Petitioner in its petition for review – including whether Aqua's Application failed to attach a rate stabilization plan, whether Aqua is improperly permitted to amend its Application to include one (notwithstanding

---

[7] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10101-11202.

15

that it has not indicated that it will do so), and whether the six-month time period cuts off the development of any further record – after the Commission issues a final order.

Accordingly, we conclude that the Commission's Remand Order is not an appealable "collateral order" pursuant to Pa.R.A.P. 313.

## C. The Remand Order Is Not an Appealable Final Order Under Rule 311(a)(8) of the Rules of Appellate Procedure

We review next whether the Remand Order is an interlocutory order that is made final or appealable by statute or general rule pursuant to Rule 311(a)(8) of the Rules of Appellate Procedure.

Rule 311(a)(8) permits an appeal as of right from an order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims and of all parties. Pa.R.A.P. 311(a)(8). This specific designation of interlocutory appeal right is not present here. First, nowhere in section 1329 is there a provision specifically providing an appeal right to the Commonwealth Court. To the extent Petitioner attempts to argue that the Remand Order is properly before this Court as a final order within the meaning of Rule 311(a)(8) because it was the only order approved by the Commission within the directory timeframe for the Commission to enter a final order under section 1329(d)(2) of the Code, we reject the argument. Petitioner does not cite to any authority to support such proposition. Further, the argument is circular. On the one hand, Petitioner contends that the Commission violated section 1329 by failing to issue a final order within the designated time; however, it also argues, for purposes of appellate jurisdiction, that the Remand Order should be treated as a final order as it makes final determinations on several contested issues. The two positions are discordant. As discussed, the Remand Order did not make any decision on the merits of Aqua's Application, nor did it make any final

16

determinations related to section 1329. Therefore, the Remand Order is not a final order reviewable by this Court pursuant to Rule 311(a)(8).

Accordingly, because there is no basis for an appeal as of right from the Remand Order, the petition for review is quashed.

_____
PATRICIA A. McCULLOUGH, Judge

Judge Christine Fizzano Cannon and Judge Stacy Wallace did not participate in the decision for this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The County of Delaware,       :
              Petitioner   :
                            :   No.  455 C.D. 2021
        v.            :
                            :
Pennsylvania Public Utility  :
Commission,               :
              Respondent  :
                            :

## ***ORDER***

AND NOW, this 12th day of September, 2022, Respondent Public Utility Commission's Application to Dismiss and/or Quash Appeal and Intervenor Aqua Pennsylvania Wastewater, Inc.'s Motion to Quash are hereby GRANTED. Petitioner County of Delaware's Petition for Review is QUASHED.

 

_____
PATRICIA A. McCULLOUGH, Judge