**Jonathan SILVER and The Pittsburgh Post–Gazette, Appellants**

v.

**BOROUGH OF WILKINSBURG.**

Commonwealth Court of Pennsylvania.

Argued Nov. 14, 2012.
Decided Dec. 14, 2012.

Frederick N. Frank, Pittsburgh, for appellants.

Rachel S. Riedel, Pittsburgh, for appellee.

BEFORE: PELLEGRINI, President Judge, and LEADBETTER, Judge, and COHN JUBELIRER, Judge, and SIMPSON, Judge, and LEAVITT, Judge, and McCULLOUGH, Judge, and COVEY, Judge.

OPINION BY Judge COVEY.

PG Publishing Company d.b.a. The Pittsburgh Post–Gazette and Jonathan Silver (collectively, Gazette) appeal from the Allegheny County Common Pleas Court's (trial court) January 25, 2012 order affirming the Final Order of the Office of Open Records (OOR) affirming Wilkinsburg Borough's (Borough) decision to grant limited access to an employment termination letter, thereby redacting all information contained in the letter except the employment termination language itself and that the employee had been given notice of said employment termination. There are two issues before this Court: (1) whether Section 708(b)(7)(viii) of the Right–To–Know Law (RTKL),[1] which requires production of a final action, means the entire employment termination letter which contains prior disciplinary action or only the employment termination language and notice given to the employee, and (2) whether the Borough waived its argument that the employment termination letter was not a final action. We affirm.

On August 2, 2011, the Gazette submitted a request under the RTKL to the Borough seeking, among other items, a former Borough employee's employment termination letter. The Borough produced

---

**1.** Act of February 14, 2008, P.L. 6, 65 P.S. § 67.708(b)(7)(viii).

a redacted copy of the employment termination letter. The Gazette appealed to the OOR, which issued a Final Determination affirming the Borough's decision to grant limited access to the employment termination letter. The Gazette appealed to the trial court. The trial court reviewed the unredacted employment termination letter *in camera* and determined that the redacted material related to previous disciplinary action. On January 25, 2012, the trial court affirmed the OOR's Final Determination. The Gazette appealed to this Court.[2]

■ The Gazette first argues that the exception within the general exemption of Section 708(b)(7)(viii) of the RTKL, related to the final action of an agency resulting in an employee's demotion or discharge, requires production of the complete final action which in this case the Gazette contends is the entire employment termination letter. Specifically, the Gazette contends that although Section 708(b)(7)(viii) of the RTKL exempts information relating to an agency employee's discipline, demotion or discharge, the second sentence of Section 708(b)(7)(viii) of the RTKL specifically states an exception for a final action of an agency that results in demotion or discharge. Consequently, the Gazette avers, because an employment termination letter is a final action resulting in discharge, the entire letter should have been produced. We disagree.

Section 708(b)(7)(viii) of the RTKL specifically exempts from access "[i]nformation regarding discipline, demotion or discharge contained in a personnel file [relating to an agency employee]. This subparagraph shall not apply to the final action of an agency that results in demotion or discharge."[3] Thus, the issue becomes whether the employment termination letter is the "final action" of the agency.

The RTKL does not define "final action." It is "a well-settled rule of statutory construction that when statutory provisions are not ambiguous, legislative intent should be effectuated by according the words their plain and ordinary meaning and not by disregarding their obvious meaning in search of a particular result." *In re Condemnation of a Permanent Right-of-Way*, 873 A.2d 14, 17 (Pa. Cmwlth.2005). According to Webster's Third New College Dictionary 428, 12 (2008), the definition of final is "forming or occurring at the end ... or constituting the last element in a series, process or procedure[;]" and the definition of action is "the process of acting or doing ... [a]n act or deed." In addition, Section 102 of the RTKL defines "record" as:

Information, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency. The term includes a document, paper, letter, map, book, tape, photograph, film or sound recording, information stored or maintained electronically

---

2. "Our standard of review in a [RTKL] case is whether an error of law was committed, constitutional rights were violated, or necessary findings of fact are supported by substantial evidence. Our scope of review is plenary." *Chester Cmty. Charter Sch. v. Hardy*, 38 A.3d 1079, 1082 n. 4 (Pa.Cmwlth.2012) (citation omitted).

3. Section 708(b)(7)(vi) of the RTKL exempts from disclosure "[w]ritten criticisms of an employee." This exemption is not limited to the contents of a personnel file, the final action exception, or any other exception. 65 P.S. § 67.708(b)(7)(vi).

and a data-processed or image-processed document.

65 P.S. § 67.102. Clearly, the agency's "final action" was the employment termination, and the employment termination letter was the "record" of said employment termination.[4]

The purpose of the RTKL is "to promote access to official government information in order to prohibit secrets, scrutinize actions of public officials, and make public officials accountable for their actions." *Allegheny County Dep't of Admin. Servs. v. A Second Chance, Inc.*, 13 A.3d 1025, 1034 (Pa.Cmwlth.2011) (quoting *Bowling v. Office of Open Records*, 990 A.2d 813, 824 (Pa.Cmwlth.2010), *appeal granted*, 609 Pa. 265, 15 A.3d 427 (2011)). Similarly, the purpose of the Sunshine Act, 65 Pa.C.S. §§ 701–716, is "to provide the Commonwealth's citizens with a right to be present at all meetings of public agencies and to witness deliberations, policy formulation and decision-making processes." *Society Hill Civic Ass'n v. Philadelphia Bd. of License & Inspection Review*, 905 A.2d 579, 584 (Pa.Cmwlth.2006).

The [RTKL] is one of a series of legislative enactments designed to provide a comprehensive format governing public access to the meetings and hearings of public agencies. The other statutes are now embodied in the Sunshine Act. Because they relate to the same class of things, information about actions by public agencies, the [RTKL] and the Sunshine Act are in pari materia. Indeed, this has been the practice for Commonwealth agencies since 1974. Therefore, they shall be construed together, if possible, as one statute.

*Schenck v. Twp. of Center, Butler County*, 893 A.2d 849, 853 (Pa.Cmwlth.2006) (citations omitted).

Section 703 of the Sunshine Act defines an "official action" as:

(1) **Recommendations** made by an agency pursuant to statute, ordinance or executive order.

(2) The **establishment of policy** by an agency.

(3) The **decisions** on agency business made by an agency.

(4) **The vote** taken by any agency on any motion, proposal, resolution, rule, regulation, ordinance, report or order.

65 Pa.C.S. § 703 (emphasis added). The Sunshine Act defines an "administrative action" as: "The execution of policies relat-

---

4. The Dissent would hold any and all information contained in a notice informing an employee of his demotion or employment termination is to be disclosed. However, the statutory language of what is to be produced and what is not to be produced is clear. The RTKL, without exception, exempts from disclosure "[w]ritten criticisms of an employee." Section 708(b)(7)(vi) of the RTKL, 65 P.S. § 67.708(b)(7)(vi). It also exempts from production discipline contained in a personnel file. The exception to the latter does not authorize disclosure of disciplinary action which "may have been gleaned from a 'personnel file,' once it was placed in the [employment termination] letter...." Dissent Op. at 131. Such a result is unsupported in the law for several reasons. First, if the Legislature intended for the entire demotion/employment termination letter to be produced, it simply would have used the words "demotion/employment termination letter" instead of "final action." Second, to construe the exception to the exemption in the manner proposed by the Dissent would undermine the protections the Legislature mandated as well as have form control over substance for the unwary personnel manager who places protected disciplinary action or written criticism in the demotion/employment termination letter. Third, the Dissent's holding would in essence obviate the Legislature's express exemptions which is contrary to statutory construction principles which require that "we must presume that the legislative intent of the statute is not absurd or unreasonable." *PPL Holtwood, LLC v. Pike Cnty. Bd. of Assessment*, 846 A.2d 201, 207 (Pa.Cmwlth.2004).

ing to persons or things as previously authorized or required by **official action** of the agency adopted at an open meeting of the agency. The term does **not**, however, include the **deliberation of agency business**." *Id.* (emphasis added). Given these definitions, the employment termination itself is the "official action," not the employment termination letter which was the record of that particular action as well as the record of the previous disciplinary action.

In addition, pursuant to Section 704 of the Sunshine Act, 65 Pa.C.S. § 704, official action and deliberations of an agency shall take place at a meeting open to the public, unless the purpose of the meeting is "[t]o discuss any matter involving the employment, appointment, **termination of employment,** terms and conditions of employment, **evaluation of performance,** promotion or **disciplining** of any specific . . . current public officer or employee employed or appointed by the agency. . . ." 65 Pa.C.S. § 708(a)(1) (emphasis added). In such circumstances, discussions take place at an executive session which is closed to the public. This express exception from public disclosure further supports the position that the act of terminating the employee's employment is available to the public, not the entire employment termination letter. *See Schenck.*

Moreover, the RTKL contains a number of exceptions to the exemptions. For example, Section 708(b)(22) of the RTKL states:

(i) The contents of real estate appraisals, engineering or feasibility estimates, environmental reviews, audits or evaluations made for or by an agency relative to the following:

(A) The leasing, acquiring or disposing of real property or an interest in real property.

(B) The purchase of public supplies or equipment included in the real estate transaction.

(C) Construction projects.

(ii) This paragraph shall not apply once the decision is made to proceed with the lease, acquisition or disposal of real property or an interest in real property or the purchase of public supply or construction project.

65 P.S. § 67.708(b)(22). The subparagraph expressly states that the remainder of the exception does not apply once a decision is made to proceed with a lease, acquisition or disposal of property or purchase, thus, the information is no longer protected once action of a certain type occurs. *Id.* The Legislature did not structure the exception to the exemption in Section 708(b)(7) of the RTKL the same way. It specifically did not, as the Gazette suggests, state that the remainder of the subparagraph shall not apply once a decision is made to demote or discharge an agency employee. Had it meant to do so, it could have as it elected to do in Section 708(b)(22) of the RTKL. Here, discipline is not included in the exception. Thus, discipline cannot be disclosed. It is undisputed that the employment termination letter contains prior disciplinary action. Accordingly, we conclude that the Gazette's argument is not supported by the statutory language.

Both parties rely on *Lutz v. City of Philadelphia,* 6 A.3d 669 (Pa.Cmwlth. 2010), to support their positions. The Gazette contends that the *Lutz* Court held that the exception to an exemption is meaningless if all that is produced is a scorecard of the event. The Borough contends that the *Lutz* Court held that redaction is still required within documents required to be disclosed if it relates to information which is exempt from dis-

closure. We agree with the Borough's interpretation.

The *Lutz* case involved Section 708(b)(8)(ii) of the RTKL, 65 P.S. § 67.708(b)(8)(ii), which is formatted similarly to Section 708(b)(7)(viii) of the RTKL in that it contains two sentences; the first being the exemption to access, and the second, the exception to the exemption. Specifically, Section 708(b)(8)(ii) of the RTKL provides:

> In the case of the arbitration of a dispute or grievance under a collective bargaining agreement, an exhibit entered into evidence at an arbitration proceeding, a transcript of the arbitration or the opinion. This subparagraph shall not apply to the final award or order of the arbitrator in a dispute or grievance procedure.

This Court held that because the final award and order are usually separate from the opinion, the awards and orders are to be provided. *Lutz.* However, if the award or order contains any information which is exempt, that information is to be redacted. *Id.* Thus, the same result is required here. That part of the letter setting forth the employment termination must be furnished; however, the references to the exempt prior discipline are to be redacted. Accordingly, the trial court properly affirmed the OOR's determination that a redacted copy of the employment termination letter be provided.

The Gazette next argues that the Borough waived its argument regarding the employment termination letter not being a final action because the Borough asserted that argument for the first time in its brief. The Gazette also contends that the Borough referred to the employment termination letter as the final action before the trial court, and never claimed it did not have to produce the letter because it was not the final action.

We recognize that "an agency's appeal of an OOR final determination is limited to the grounds it specifies in its response to a Right–to–Know request." *Chester Cmty. Charter Sch. v. Hardy,* 38 A.3d 1079, 1086 (Pa.Cmwlth.2012). Here, the Borough redacted the employment termination letter because it referred to prior disciplinary action which is exempt under the RTKL. The Borough has not changed that reason.

The argument that the letter is not a final action is an elaboration to explain why the exception to the exemption does not apply. The Borough has consistently relied on Section 708(b)(7)(viii) of the RTKL as its reason for the denial, and argued throughout these proceedings that the exception does not refer to the entire content of the letter. Accordingly, the Borough did not waive the argument that the employment termination letter is not a final action.

For all of the above reasons, the trial court's order is affirmed.

## ORDER

AND NOW, this 14th day of December, 2012, the Allegheny County Common Pleas Court's January 25, 2012 order is affirmed.

DISSENTING OPINION BY President Judge PELLEGRINI.

I respectfully dissent because under Section 708(b)(7)(viii), 65 P.S. § 67.708(b)(7)(viii), all of the information contained in a dismissal letter is a "final action" subject to disclosure.

65 P.S. § 67.708(b)(7)(viii) exempts from disclosure:

> Information regarding discipline, demotion or discharge **contained** in a **personnel file.** This subparagraph shall not apply to the **final action** of an agency that results in demotion or discharge.

In this case, the letter of dismissal contains reasons behind the discharge which purportedly was gleaned from the personnel file. What we are being asked to decide is whether all that information can be redacted.

The majority essentially finds that the information can be redacted because it is personnel-related, essentially making the only information subject to disclosure the "bare fact" as to whether the employee was demoted or discharged and nothing else.

However I disagree because no one disputes that this letter is a "final action" and while the information may have been gleaned from a "personnel file," once it was placed in the final action letter, it is no longer "contained" in a personnel file making that information subject to disclosure.

Accordingly, I respectfully dissent.

Judge LEADBETTER joins in this dissenting opinion.