IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Global Tel*Link Corporation,                :
                                            : No. 1678 C.D. 2015
                          Petitioner        : Argued:  June 6, 2016
                                            :
              v.                            :
                                            :
Paul Wright and Prison Legal News,          :
                                            :
                     Respondents            :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge
           HONORABLE DAN PELLEGRINI, Senior Judge

OPINION BY
SENIOR JUDGE FRIEDMAN                       FILED:  September 22, 2016

              Global Tel*Link Corporation (GTL) petitions for review of the August 12, 2015, final determination of the Office of Open Records (OOR), which granted in part and denied in part Paul Wright and Prison Legal News' (together, Requestor) request for records from the Department of Corrections (DOC) pursuant to the Right-to-Know Law (RTKL)[1].  We reverse.


              On March 27, 2015, Requestor submitted a request to DOC seeking records pertaining to DOC's contracts with outside vendors for the following services:  (1) inmate telephone services; (2) video visitation; (3) electronic mail or messaging; (4) electronic fund transfers; (5) money transfer services; (6) commissary

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

or canteen services; (7) prisoner package services; and (8) book ordering services. The request also sought various financial records.[2]

On May 12, 2015, DOC granted in part and denied in part the request, providing partially redacted records. DOC disclosed records, including the inmate telephone services contract and the kiosk services contract between DOC and GTL.[3] As to both the telephone and kiosk services contracts, DOC redacted GTL's internal financial information (Financial Information). DOC claimed the materials were exempt from disclosure based on sections 708(b)(11) and 708(b)(26) of the RTKL, 65 P.S. §§67.708(b)(11) and 67.708(b)(26), because the materials would reveal a trade secret or confidential, proprietary information and constituted financial information of a bidder requested in an invitation to bid.[4]

On June 3, 2015, Requestor appealed to the OOR, challenging only DOC's redactions of the Financial Information and stating grounds for disclosure. The OOR invited the parties to supplement the record and notify third parties of their ability to participate. GTL submitted a request to participate, which the OOR granted.

---

[2] DOC requested an extension of time to respond to the request, which Requestor granted pursuant to section 902 of the RTKL, 65 P.S. §67.902.

[3] Under the contracts, DOC receives a percentage of the fees that GTL charges inmates and their families. (DOC's Br. at 6 n.2; Requestor's Br. at 18.)

[4] DOC also raised other exemptions, which are not relevant on appeal.

DOC submitted declarations made under the penalty of perjury from two of its employees, Anthony Miller and Steven Hilbish. Miller stated that the Financial Information was redacted from the kiosk contract pursuant to section 708(b)(26) of the RTKL, 65 P.S. §67.708(b)(26), because it contained financial information submitted in response to a request for proposals to demonstrate GTL's economic capability to perform services for DOC. (Miller Decl. ¶ 14.) Hilbish stated that the Financial Information was also redacted from the telephone contract for the same reason. (Hilbish Decl. ¶ 13.)

GTL offered a statement, styled as a declaration, which was neither sworn to nor made under penalty of perjury, from Steve Montanaro, GTL's vice-president of sales and marketing operations. Montanaro stated that the Financial Information was provided to DOC, at DOC's request, in connection with its request for proposals for the kiosk and telephone contracts. (Montanaro Decl. ¶¶ 6, 7.) The Financial Information was provided to demonstrate GTL's economic capability as a prospective contractor. (*Id.* ¶ 5.) The Financial Information includes GTL's assets, income, cash, expenses, taxes, and other assets and liabilities. (*Id.* ¶ 9.) Montanaro also claimed that the Financial Information constituted financial and proprietary information and a GTL trade secret. (*Id.* ¶ 18.)

The OOR determined that GTL's Financial Information was contained in the attachments to the contracts and that the attachments were "part and parcel of the contracts." (OOR Op. at 5.) Further, the contracts are "financial records" as defined in section 102 of the RTKL, 65 P.S. §67.102, because they involve DOC's acquisition of services and equipment. Specifically, section 102 of the RTKL defines

3

"financial record" as "[a]ny account, voucher or *contract* dealing with: (i) the receipt or disbursement of funds by an agency; or (ii) an agency's acquisition, use or disposal of services, supplies, materials, equipment or property." 65 P.S. §67.102 (emphasis added). Section 708(b) of the RTKL, 65 P.S. §67.708(b), lists documents which are exempt from access by a requestor. Section 708(c) of the RTKL states that "[t]he exceptions set forth in subsection (b) shall not apply to financial records, except that an agency may redact that portion of a financial record protected under subsection (b)(1), (2), (3), (4), (5), (6), (16) or (17)." 65 P.S. §67.708(c). The OOR concluded that the exemptions in sections 708(b)(11) and (b)(26) do not apply because GTL's Financial Information is a contract. GTL filed a petition for review with this court.[5]

GTL argues that the OOR erred in failing to determine that GTL's Financial Information, which was submitted to DOC in response to DOC's request for proposals to demonstrate GTL's economic capability, is specifically exempt under section 708(b)(26) of the RTKL. We agree.

"A record in the possession of a Commonwealth agency . . . shall be presumed to be a public record." Section 305(a) of the RTKL, 65 P.S. §67.305(a). The agency has the burden of proving the applicability of an exception under the RTKL "by a preponderance of the evidence." Section 708(a)(1) of the RTKL, 65 P.S. §67.708(a)(1). "An agency may meet its burden through an unsworn attestation

---

[5] This court's standard of review under the RTKL is *de novo* and its scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

or a sworn affidavit." *West Chester University of Pennsylvania v. Schackner*, 124 A.3d 382, 393 (Pa. Cmwlth. 2015).

Section 708(b)(26) of the RTKL exempts from disclosure:

A proposal pertaining to agency procurement or disposal of supplies, services or construction prior to the award of the contract or prior to the opening and rejection of all bids; *financial information of a bidder or offeror requested in an invitation for bid or request for proposals to demonstrate the bidder's or offeror's economic capability.*

65 P.S. §67.708(b)(26) (emphasis added).

We agree with GTL that the evidence demonstrated that GTL's Financial Information is "financial information of [GTL] requested in an invitation for bid or request for proposals to demonstrate [GTL's] economic capability." *Id.* Specifically, GTL submitted the Financial Information at DOC's request, in connection to DOC's requests for proposals for the kiosk and telephone contracts. GTL, along with other bidders, submitted its Financial Information to demonstrate its financial capability to perform the kiosk and telephone contracts. The Financial Information was submitted prior to the award of the contract.

Requestor argues that it is significant that DOC voluntarily appended the Financial Information to the contracts even though it was not legally required to do so.[6] We agree with GTL that financial information that is submitted by a bidder and

---

[6] GTL claims that the *Procurement Handbook* contemplates that attachments to an agency contract will include the contractor's proposal. The *Procurement Handbook*, Part I, Chapter 43 at ¶ B, states that "in the event of a conflict in the contract . . . [t]he suggested order of precedence for contract interpretation is the contract, the contractor's proposal, and then the [request for proposals].

5

is specifically exempt under section 708(b)(26) of the RTKL does not automatically become a contract merely because DOC attaches it to the subsequently executed contract. Although DOC appended GTL's Financial Information to the contract, there is no support for the theory that these appended materials became part of the contract and, thus, a "financial record."

Requestor also relies on *Department of Public Welfare v. Eiseman*, 125 A.3d 19, 29 (Pa. 2015), wherein the Pennsylvania Supreme Court held that "financial records" must be read broadly to encompass records "dealing with" the disbursement of funds and acquisition of services. The Supreme Court stated that materials submitted to a government agency for approval, even though not themselves contracts, constituted "financial records" because they are pertinent to a contract dealing with disbursement of public money or governmental acquisition of services. *Id.*

Contrary to *Eiseman,* GTL's submission of its Financial Records to DOC did not involve the disbursement of funds or the acquisition of services. Rather, the Financial Information was submitted to show GTL's economic capability to perform should it receive the kiosk and telephones service contracts.

In *West Chester*, 124 A.3d at 385, the requestor sought a copy of the contract between the agency and a contractor hired by the agency. The OOR held that no exemptions could be claimed for any portion of the contract because section 708(c) of the RTKL, required full disclosure of the contract. *Id.* at 387. This court disagreed with the OOR that information contained within the contract had to be

6

disclosed "just because it is part of the contract." *Id.* at 392. Here, a document, which is otherwise exempt under section 708(b)(26) of the RTKL because it contains a bidder's financial information, is not transformed into a financial record not subject to the 708(b)(26) exemption simply because it is appended to the successful bidder's contract.

Accordingly, we reverse the OOR's August 12, 2015, final determination.[7]

_____
ROCHELLE S. FRIEDMAN, Senior Judge

---

[7] Because of our determination, we need not address whether GTL's Financial Information constitutes confidential proprietary information under section 708(b)(11) of the RTKL.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Global Tel*Link Corporation,    :
                                :  No. 1678 C.D. 2015
                   Petitioner   :
                                :
              v.                :
                                :
Paul Wright and Prison Legal News,  :
                                :
                   Respondents  :

O R D E R

AND NOW, this 22nd day of September, 2016, we hereby reverse the August 12, 2015, final determination of the Office of Open Records.

_____
ROCHELLE S. FRIEDMAN, Senior Judge