IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Danny S. Fruchter,                          :
                        Appellant           :    No.  495 C.D. 2022
                                            :    No.  496 C.D. 2022
                v.                          :
                                            :    Argued: September 11, 2023
Borough of Malvern                          :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge


OPINION
BY JUDGE McCULLOUGH                            FILED: October 6, 2023


               In these consolidated Right-to-Know Law (RTKL)[1] appeals, Danny S. Fruchter (Requester) appeals the April 11, 2022 order of the Court of Common Pleas of Chester County (trial court), which affirmed the Pennsylvania Office of Open Records' (OOR) Final Determinations and denied and dismissed Requester's two Petitions for Judicial Review.  Upon review, we affirm.

## I.    FACTS AND PROCEDURAL BACKGROUND

               Beginning in approximately September of 2020, Police Sergeant Lloyd Douglas (Sergeant Douglas) was the subject of disciplinary proceedings while serving as a Malvern Borough (Borough) Police Officer.  Overall, the proceedings involved

_____

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

one Notice of Suspension, dated September 30, 2020, two *Loudermill* [2] letters (the first dated September 22, 2020, and the second dated February 4, 2021), and one Civil Service Hearing conducted on January 13, 2021. (Reproduced Record (R.R.) at 81a-82a, 295a-96a.) Ultimately, no verdict was reached by the Civil Service Commission, no second hearing based on the second of the two *Loudermill* letters was conducted, and no suspension was effected. *Id.*

On March 3, 2021, the Borough and Sergeant Douglas entered into a seven-page "Retirement Agreement and General Release" (Retirement Agreement), which stated, in part:

> As consideration for signing this [Retirement] Agreement, the Borough agrees to provide [Sergeant] Douglas with the following benefits:
>
> * * *
>
> (f) Three-Day Suspension Without Pay. As soon as practical after the Effective Date of this [Retirement] Agreement, the Borough will withdraw the **September 30, 2020 Notice of Suspension** with prejudice, and [Sergeant] Douglas agrees to withdraw his appeal of same with prejudice. In addition, the Borough agrees that, upon the Effective Date of this [Retirement] Agreement, it will not pursue any of the disciplinary claims against [Sergeant] Douglas which were outlined in the **February 4, 2021 [*Loudermill*] letter** or any other disciplinary claims of any kind for any reason known to the Borough as of the Effective Date of this [Retirement] Agreement.

(R.R. at 18a) (emphasis added).

---

[2] A *Loudermill* letter includes an "oral or written notice of the charges against [the employee], an explanation of [the] employer's evidence, and an opportunity to present [the employee's] side of the story." *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985).

**A. Requester's First RTKL Request**

On April 7, 2021, Requester submitted a RTKL request (First Request) seeking:

1. All documents comprising the final executed settlement agreement between [the] Borough and [Sergeant Douglas] approved March 6, 2021[,][3] by the [Borough Council.]

2. All documents showing the amounts paid, or [that] will be paid, in the future by the [Borough] from funds of the Borough in settlement of the above.

3. All documents showing the amounts paid, or [that] will be paid, in the future by any other entity on behalf of the Borough in settlement of the above.

4. The video recording of the [Borough] Council meeting of Tuesday, March 6, 2021. (Please put the video on a thumb drive for which I will pay.)

(R.R. at 124a.) On April 13, 2021, the Borough's Open Records Officer/Borough Manager (ORO), Christopher Bashore, produced the Retirement Agreement and a video file of the April 6, 2021 Borough Council meeting. (R.R. at 114a-23a.) The Borough's ORO did not produce the Notice of Suspension and *Loudermill* letter that were referenced in the Retirement Agreement.

On April 26, 2021, Requester filed an appeal to the OOR and claimed that the Borough did not produce the Notice of Suspension and *Loudermill* letter, which should have been produced because they were "part of" the Retirement Agreement. (R.R. at 220a.) The Borough responded that the Notice of Suspension and *Loudermill* letter were not specifically requested and that although they were referenced in the

---

[3] Although Requester stated the meeting was March 6, 2021, the Borough Council meeting was on April 6, 2021.

3

Retirement Agreement, they were not part of it. *Id.* The OOR issued its Final Determination on July 7, 2021, determining that the Borough fully responded as required by the RTKL and denying Requester's appeal because the Notice of Suspension and *Loudermill* letter were not initially included in his First Request. (OOR 07/07/21 Final Determination at 5.) Thus, because the OOR concluded that its review on appeal is confined to Requester's First Request as written, it would not consider any modifications to include the Notice of Suspension and *Loudermill* letter. *Id.* at 5-6.

On August 5, 2021, Requester filed a Petition for Judicial Review in the trial court appealing the OOR's July 7, 2021 Final Determination.

### B. Requester's Second RTKL Request

On July 12, 2021, Requester submitted a second RTKL request (Second Request) to the Borough specifically seeking disclosure of the Notice of Suspension and *Loudermill* letter referenced in the Retirement Agreement. On July 14, 2021, the Borough's ORO denied the Second Request because the Notice of Suspension and *Loudermill* letter were exempt from disclosure under Section 708(b)(7)(vi)[4] and (viii)[5] of the RTKL, 65 P.S. § 67.708(b)(7)(vi), and (viii), as the two documents included personnel information regarding discipline, demotion, or discharge contained in Sergeant Douglas's personnel file. (R.R. at 238a-39a.) Specifically, the Borough's ORO attested that (1) both the September 30, 2020 Notice of Suspension and the February 4, 2021 *Loudermill* letter regard discipline, which is exempt from disclosure

---

[4] Section 708(b)(7)(vi) of the RTKL exempts from disclosure "[w]ritten criticisms of an employee." This exemption is not limited to the contents of a personnel file, the final action exception, or any other exception. 65 P.S. § 67.708(b)(7)(vi).

[5] Section 708(b)(7)(viii) of the RTKL specifically exempts from access "[i]nformation regarding discipline, demotion or discharge contained in a personnel file [relating to an agency employee]. This subparagraph shall not apply to the final action of an agency that results in demotion or discharge." 65 P.S. § 67.708(b)(7)(viii).

4

under Section 708(b)(7)(viii) of the RTKL, and (2) the *Loudermill* letter also includes criticisms of an employee, which are exempt under Section 708(b)(7)(vi) of the RTKL. (R.R. at 295a-96a.) Furthermore, the Borough argued before the OOR that neither document constitutes the "final action" resulting in demotion or discharge, and, therefore, the exemption provided in Section 708(b)(7)(vi) and (viii) of the RTKL also applies on these grounds. (R.R. at 303a-04a.)

On July 26, 2021, Requester filed his appeal to the OOR regarding the Borough's denial of his Second Request. (R.R. at 229a-50a.) On August 25, 2021, the OOR issued a Final Determination regarding Requester's Second Request and upheld the Borough's determination that the Notice of Suspension and *Loudermill* letter were exempt from disclosure under the RTKL. (R.R. at 308a-17a.) The OOR concluded that the Notice of Suspension and *Loudermill* letter were exempt from disclosure as "records relating to an agency employee," including "a performance rating or review," "[w]ritten criticisms of an employee," "[g]rievance material, including documents related to discrimination or sexual harassment," and "[i]nformation regarding discipline, demotion or discharge contained in a personnel file." (R.R. at 312a.)

The OOR concluded that the exemption for information regarding discipline, demotion, or discharge in Section 708(b)(7)(viii) applied and that the Notice of Suspension and *Loudermill* letter were not disclosable because they were not "a final action of an agency that result[ed] in demotion or discharge." (OOR 08/25/21 Final Determination at 2-3.) The OOR explained its view that the Notice of Suspension is "a record cataloguing employee discipline and located in a personnel file" and that the *Loudermill* letter is a document that notified Sergeant Douglas of "the factual basis for possible discipline against him, including possible termination." *Id.* at 5. The OOR further noted that the parties agreed that the charges in the *Loudermill* letter were never

5

the basis of any discharge or formal disciplinary action against Sergeant Douglas. Therefore, the OOR concluded that the Borough had sufficiently demonstrated that both the Notice of Suspension and *Loudermill* letter related to Sergeant Douglas's discipline, but neither were "the final action of the agency in demoting or ending [Sergeant] Douglas's employment." *Id.* at 6. The OOR rejected Requester's argument that the Notice of Suspension and *Loudermill* letter are "part of" the final action taken with regard to Sergeant Douglas's "employment" because: (1) Sergeant Douglas's employment was terminated by resignation; and (2) "neither of those documents detail the final action of the Borough leading to [a] discharge." *Id.* at 8.

On September 20, 2021, Requester filed his second Petition for Judicial Review with the trial court regarding the OOR's August 25, 2021 Final Determination.

### C. Trial Court's Decision

The trial court consolidated Requester's Petitions for Judicial Review. At the hearing, Requester and the Borough agreed that, "in a vacuum," the requested Notice of Suspension and *Loudermill* letter were exempt from disclosure under the RTKL. (Trial Court Opinion at 3.) However, Requester argued that because the Retirement Agreement was entered into in lieu of a discharge, it was effectively a discharge and, therefore, subject to disclosure provided for in Section 708(b)(7)(viii). *Id.* at 4. Requester additionally argued that because the Notice of Suspension and *Loudermill* letter were "referenced in" the Retirement Agreement, they must be disclosed. *Id.* at 4-5. The parties agreed the issues before the trial court were whether the Notice of Suspension and *Loudermill* letter were "part of what constituted an effective discharge or termination of Sergeant Douglas" and/or whether "the reference to both documents in the Retirement Agreement make them appropriate for disclosure." *Id.*

6

The Borough provided an attestation from its ORO, Mr. Bashore, in which he reviewed and summarized the information contained in the Notice of Suspension and *Loudermill* letter and his reasons for withholding them. The Borough's ORO indicated that the Notice of Suspension dated September 30, 2020, notified Sergeant Douglas "that he [was] being suspended without pay and advise[d] him of his right to appeal to the Civil Service Commission." (R.R. at 296a.) He attested that the Notice of Suspension "is clearly 'information regarding discipline. . . contained in a personnel file' and is, therefore[,] exempt from disclosure." *Id.* Regarding the February 4, 2021 *Loudermill* letter, the ORO recited from the *Loudermill* letter, in part:

> [t]he purpose of this letter is to provide you with notice of the potential for disciplinary action and a brief explanation of the evidence which may form the basis for me to take disciplinary [action] against you.

*Id.* He then explained that "the letter goes on to enumerate the various factual bases for potential discipline. Therefore, I have concluded that it constitutes both 'written criticisms of an employee' and 'information regarding discipline, demotion or discharge contained in a personnel file['] and is, therefore[,] exempt from production." *Id.*

Based upon the evidence, the trial court rejected Requester's argument that the Notice of Suspension and *Loudermill* letter must be produced. The trial court explained that they were not disclosable "because they individually are not a 'demotion or discharge' nor is the Retirement Agreement a 'demotion or discharge.'" (Trial Court Opinion at 5.) The trial court concluded that the Retirement Agreement was not a "final action resulting in discharge or demotion," and "even if [the trial court] were to treat the Retirement Agreement as a termination letter and final action, which it is not,[ ] any references to or incorporation of pre-termination discipline [are] still exempt from

7

production." *Id.* at 7. The trial court determined that although the Retirement Agreement referenced the Notice of Suspension and *Loudermill* letter, they need not be produced because the exemption under Section 708(b)(7)(vi) and (viii) of the RTKL did not require disclosure. *Id.* The trial court further reasoned that even if the Notice of Suspension and *Loudermill* letter were expressly incorporated in the Retirement Agreement, they would still be exempt from disclosure. Relying on *Silver v. Borough of Wilkinsburg*, 58 A.3d 125 (Pa. Cmwlth. 2012), the trial court concluded that any references to, or incorporation of, pre-termination discipline, even if included in the Retirement Agreement, would not be subject to disclosure. (Trial Court Opinion at 6-7.) The trial court noted in a footnote that, although the Borough argued that the final action was the vote at a public meeting by Borough Council approving the Retirement Agreement, and that such reasoning appears to be consistent with *Silver*, it did not need to reach this question given its otherwise dispositive analysis. *Id.* at 7. On April 11, 2022, the trial court denied and dismissed Requester's two Petitions for Judicial Review and affirmed the OOR's Final Determinations.

Requester appealed the trial court's order to this Court.

## II.    ISSUES

On appeal,[6] Requester raises one issue in his Statement of Issues: "Where a settlement agreement between a municipality and an employee terminates both his employment and pending disciplinary action against him, are descriptions of the

---

[6] A "Chapter 13 court" refers to the court that reviews the decision of the OOR appeals officer, which may either be this Court or a court of common pleas, depending upon whether the matter arises from a determination made by a Commonwealth agency or a local agency. *See* Sections 1301-02 of the RTKL, 65 P.S. §§ 67.1301-02. "When the court of common pleas is the 'Chapter 13' or reviewing court, our appellate review is limited to whether the trial court has committed an error of law and whether the findings of fact are supported by substantial evidence." *Office of the District Attorney of Philadelphia v. Bagwell*, 155 A.2d 1119, 1123 n.3 (Pa. Cmwlth. 2017) (citing *Township of Worcester v. Office of Open Records*, 129 A.3d 44, 49 n.2 (Pa. Cmwlth. 2016)).

disciplinary actions, which are referred to in the settlement agreement, required to be publicly disclosed under the [RTKL] . . . ?" (Requester's Br. at 5.) From what we can glean, he separates that issue into two subparts. First, Requester argues that because the Retirement Agreement **references** the Notice of Suspension and *Loudermill* letter, they are "[an] integral part of" that document, and necessary "to understand" it. *Id.* at 16, 25-26. Additionally, he contends that because the Retirement Agreement was the Borough's "final action" resulting in Sergeant Douglas's discharge, the Notice of Suspension and *Loudermill* letter fall within the exception to the exemption provided in Section 708(b)(7)(viii). (Requester's Br. at 21-25.)[7]

The Borough counters that it fully responded to Requester's requests pursuant to the RTKL and that the Notice of Suspension and *Loudermill* letter are exempt because they include information regarding Sergeant Douglas's discipline. (Borough's Br. at 14-17.) The Borough argues that the Notice of Suspension and *Loudermill* letter are exempt from disclosure because neither document constitutes the "final action" of the Borough, which resulted in Sergeant Douglas's "demotion or discharge." (Borough's Br. at 17-19.)

## III. DISCUSSION

### A. RTKL

The objective of the RTKL "is to empower citizens by affording them access to information concerning the activities of their government." *McGowan v. Pennsylvania Department of Environmental Protection*, 103 A.3d 374, 380 (Pa.

---

[7] We note that Requester also argues one additional issue in the argument section of his brief, namely that the public interest in government transparency militates towards granting public disclosure of information regarding Sergeant Douglas's discipline. (Requester's Br. at 28-31.) However, Requester has failed to point to where in the record below he raised that issue or preserved it for appellate review. We note that the trial court did not address this issue in its opinion. Consequently, we find it is waived. *See* Pa.R.A.P. 302(a) (issues not raised in the lower court are waived).

Cmwlth. 2014). The RTKL is "designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials and make public officials accountable for their actions." *Bowling v. Office of Open Records*, 990 A.2d 813, 824 (Pa. Cmwlth. 2010).

The Borough is a local agency subject to the RTKL that is required to disclose public records. Section 302 of the RTKL, 65 P.S. § 67.302. Records in the possession of a local agency are presumed public unless they are exempt under the RTKL or other law or protected by privilege, judicial order, or decree. *See* Section 305 of the RTKL, 65 P.S. § 67.305. Upon receipt of a request, an agency is required to assess whether a record requested is within its possession, custody, or control and respond within five business days. Section 901 of the RTKL, 65 P.S. § 67.901. An agency bears the burden of proving the applicability of any cited exemptions. Section 708(b) of the RTKL, 65 P.S. § 67.708(b). Section 708 of the RTKL places the burden of proof on the public body to demonstrate that a record is exempt. In pertinent part, Section 708(a)(1) states: "The burden of proving that a record of a Commonwealth agency or local agency is exempt from public access shall be on the Commonwealth agency or local agency receiving a request by a preponderance of the evidence." 65 P.S. § 67.708(a)(1).

**B. Analysis**

**1.**

In its first issue, Requester argues that the Notice of Suspension and *Loudermill* letter are functionally part of the Retirement Agreement, and, without them, the Borough's obligations regarding the two disciplinary matters are not described with the specificity required in the contract. While Requester does not contest that the documents, in and of themselves, relate to Sergeant Douglas's discipline and contain

written criticisms, and, therefore, they are not disclosable under Section 708(b)(7)(vi) and (viii), 65 P.S. § 67.708(b)(7)(vi) and (viii), he argues that they should be disclosed because they are necessary to understanding the Retirement Agreement. We disagree.

First, the Retirement Agreement is plainly understandable from a review of it. It is clear that the Borough agreed to withdraw the September 30, 2020 Notice of Suspension with prejudice, and Sergeant Douglas agreed to withdraw his appeal of same with prejudice, and that the Borough agreed not to pursue any of the disciplinary claims against Sergeant Douglas that were outlined in the February 4, 2021 *Loudermill* letter. (R.R. at 18a.) The actual documents themselves are not necessary to decipher the parties' agreement.

Second, and more importantly, those documents are exempt from production by the clear and express language of the RTKL. Section 708(b)(7)(vi) of the RTKL expressly exempts from disclosure "[w]ritten criticisms of an employee." 65 P.S. § 67.708(b)(7)(vi). Further, Section 708(b)(7)(viii) expressly exempts from disclosure "[i]nformation regarding discipline, demotion or discharge contained in a personnel file." 65 P.S. § 67.708(b)(7)(viii). There is no exception to this rule in the RTKL that allows disclosure because the Notice of Suspension and the *Loudermill* letter "are necessary to the understanding" of another public record. Therefore, we find this first issue to be without merit.

**2.**

Next, Requester contends that because the Retirement Agreement is the "final action" resulting in Sergeant Douglas's demotion or discharge, the Notice of Suspension and *Loudermill* letter are disclosable under Section 708(b)(7)(viii). We disagree.

11

Section 708(b)(7)(viii) of the RTKL permits certain documents relating to discipline, demotion, or discharge to be disclosed, but only if the document is "**the final action of** an agency **that results** in demotion or discharge.**"** 65 P.S. § 67.708(b)(7)(viii) (emphasis added). Thus, under Section 708(b)(7)(viii), records documenting "**the final action** of an agency that results in demotion or discharge" are publicly accessible. *Id.* (emphasis added).

The RTKL does not define "discharge." Requester asks this Court to hold that an employee's retirement equates to a "final action of an agency that results in . . . discharge" as used in Section 708(b)(7)(viii). Requester's argument is unpersuasive. The general rule in statutory construction is that words and phrases are to be construed according to their common and approved usage. *See Pennsylvania Gaming Control Board v. Office of Open Records*, 103 A.3d 1276, 1284 (Pa. 2014). "When the words of a statute are clear and free from all ambiguity, the letter of it is not be disregarded under the pretext of pursuing its spirit." *Id.* "Only where the operative statutory language is not explicit in conveying the intent of the General Assembly should courts look beyond the General Assembly's words to ascertain its intent." *Id.* The exception provided for in Section 708(b)(7)(viii), specifically the use of "final action of an agency that results in . . . discharge," is clear and free from ambiguity.

Sergeant Douglas **voluntarily retired**; the Borough did not demote or discharge him. "Retirement" is defined as "termination of one's own employment or career, especially upon reaching a certain age or for health reasons; the action or fact of stopping work at a job usually upon reaching the normal age for leaving employment." *Retirement*, Black's Law Dictionary (11th ed. 2019). This Court has held that an employee's retirement is a voluntary resignation by his own choice, while discharge is typically initiated by his employer. *Port Authority of Allegheny County v.*

*Unemployment Compensation Board of Review*, 955 A.2d 1070, 1074 (Pa. Cmwlth. 2008) (holding that employees who submitted retirement notification forms but were discharged before their retirement dates were considered discharged for the period leading up to their retirement dates; however, employees discharged after the retirement dates passed were regarded as having voluntarily resigned); *Senkinc v. Unemployment Compensation Board of Review*, 601 A.2d 418, 419-20 (Pa. Cmwlth. 1991) (retiring from full-time employment to collect Social Security benefits is viewed as a voluntary quit).

Here, the Retirement Agreement states that "[Sergeant] Douglas desires to retire from employment with the Borough, effective April 1, 2021." (R.R. at 17a.) The Retirement Agreement states that Sergeant Douglas "**voluntarily retired**" effective April 1, 2021. *Id.* (emphasis added). Sergeant Douglas's subjective desire to **voluntarily retire** is not a final action by the Borough, let alone a discharge. Furthermore, the Retirement Agreement further provides:

> **17. Non-Admission of Liability**. The purpose of this [Retirement] Agreement is to resolve any and all potential claims regarding [Sergeant] Douglas'[s] separation from employment. As such this [Retirement] Agreement shall not be regarded as an admission of liability or of any inappropriate conduct on the part of the Borough or [Sergeant] Douglas. This [Retirement] Agreement may not be introduced or utilized in any subsequent proceeding except to obtain compliance with its terms.

(R.R. at 21a.) The Retirement Agreement is not a final action that resulted in Sergeant Douglas's demotion or discharge. The plain language of the Retirement Agreement states that it is "to resolve any and all potential claims regarding [Sergeant] Douglas's separation from employment." (R.R. at 17a.) Sergeant Douglas separated his employment by retirement. He was not discharged. Although the Retirement

13

Agreement references "liability or any inappropriate conduct[,]" it does so only to say that the Retirement Agreement should not be regarded as an admission of either by either the Borough or Sergeant Douglas. Therefore, the Retirement Agreement does not constitute the "final action of the [Borough] that result[ed] in . . . discharge." 65 P.S. § 67.708(b)(7)(viii). Rather, the Retirement Agreement is just that – an agreement between the Borough and Sergeant Douglas regarding his retirement. *See* R.R. at 17a. Moreover, the Notice of Suspension and the *Loudermill* letter themselves are not a "final action" that resulted in Sergeant Douglas's demotion or discharge. They are documents that contain allegations and criticisms. They are not a final action. Both the Notice of Suspension and the *Loudermill* letter include information regarding Sergeant Douglas's discipline; therefore, they are exempt from disclosure under Section 708(b)(7)(viii). (R.R. at 296a.) Additionally, according to the Borough's ORO, the *Loudermill* letter includes written criticisms of Sergeant Douglas, and, therefore, the Borough complied with Section 708(b)(7)(vi) of the RTKL as well.

Requester additionally argues that the Notice of Suspension and *Loudermill* letter are disclosable by virtue of their reference in the Retirement Agreement and are necessary to understanding a section of the Retirement Agreement. We disagree.

Although the Notice of Suspension and *Loudermill* letter were referenced in the Retirement Agreement, this Court has held physical attachment, let alone reference, does not subject a document to disclosure. In *Global Tel*Link Corporation v. Wright*, 147 A.3d 978, 981 (Pa. Cmwlth. 2016), this Court held that an otherwise exempted document under Section 708(b), relating to the financial capacity of a bidder to perform the contracts at issue, was not automatically transformed into a disclosable document. *Id.* at 981. There, the financial capacity document was not actually part of the contractual terms, and we held that it was not transformed into a disclosable document simply because it was attached to a disclosable document. Thus, even if the

14

Notice of Suspension and *Loudermill* letter were attached to the Retirement Agreement, they would not be subject to disclosure. Additionally, in *Silver*, this Court addressed whether an employment termination letter was a "final action" of the borough or whether certain information contained in the letter regarding employee discipline was still exempt from disclosure. There, we held that the Section 708(b)(7)(viii) exception does not authorize disclosure of disciplinary action, which "may have been gleaned from a 'personnel file,' once it was placed in the employment termination letter." *Silver*, 58 A.3d at 128. We concluded that the entire employment termination letter need not be produced unredacted. *Id.* at 130.

Unlike *Global* and *Silver*, the Notice of Suspension and *Loudermill* letter were not appended to or set forth in the Retirement Agreement. Rather, the Notice of Suspension and *Loudermill* letter were separate and apart from the Retirement Agreement and contained information regarding Sergeant Douglas's discipline contained in his personnel file and/or written criticisms. The Notice of Suspension and *Loudermill* letter are otherwise exempt under Section 708(b)(7)(vi) and (viii) and are not "transformed" into disclosable documents merely because they are referenced in the Retirement Agreement. Accordingly, even if the Notice of Suspension and *Loudermill* letter were expressly incorporated into the Retirement Agreement or attached to the agreement, they would not lose their exemption status as personnel records pursuant to Section 708(b)(7)(viii) or as written criticisms of an employee pursuant to Section 708(b)(7)(vi).

## IV. CONCLUSION

In sum, the trial court correctly upheld the OOR's determination that the Notice of Suspension and *Loudermill* letter were exempt from disclosure under Section 708(b)(7)(vi) and (viii) of the RTKL because the documents contained information regarding Sergeant Douglas's discipline and/or written criticisms. The trial court did

15

not err in rejecting Requester's contention that the Notice of Suspension and *Loudermill* letter were subject to disclosure under Section 708(b)(7)(vi) and (viii) of the RTKL, because neither document is a "final action" that resulted in Sergeant Douglas's demotion or discharge. Rather, both documents set forth the factual basis for potential discipline. Under *Global*, the Notice of Suspension and *Loudermill* letter are not disclosable merely because they were referenced in the Retirement Agreement. Finally, with respect to the Retirement Agreement itself, the trial court correctly held that the Retirement Agreement was not a "final action of the Borough that result[ed] in demotion or discharge," because it pertained to Sergeant Douglas's retirement, not a discharge or demotion. Accordingly, for the reasons explained above, we affirm the trial court's order.

 

 

 

 

                                _____

                                PATRICIA A. McCULLOUGH, Judge

16

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Danny S. Fruchter,                  :
             Appellant        :     No. 495 C.D. 2022
                                :     No. 496 C.D. 2022
         v.                       :
                                :     Argued: September 11, 2023
Borough of Malvern         :

## ***ORDER***

AND NOW, this 6th day of October, 2023, the April 11, 2022 order of the Court of Common Pleas of Chester County is hereby AFFIRMED.

 

                                _____
                                PATRICIA A. McCULLOUGH, Judge